## GIFFORD v. WORKMAN et al.

1. FORECLOSURE: PARTIES. Where a mortgagor has conveyed his interest in mortgaged premises by a deed containing a covenant of warranty against all incumbrances, he has a sufficient interest in a suit to foreclose the mortgage to authorize his being made a party defendant thereto on his own application.

2. SAME: FINAL DECREE. When in such a case the mortgagor is made a party, and fails to show that he has any actual interest, or it appears that the claim is not made in good faith, the court may dismiss the action as to him, making the proper order in reference to costs.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 9.

THIS proceeding was brought to foreclose a mortgage given by Samuel Workman to the complainant in the year 1859. It appears that, subsequent to the date of complainant's mortgage, Workman sold the mortgaged premises to his brother William, agreeing to warrant and defend against all incumbrances. William and his wife Mary sold, by quit-claim, the said premises to Nancy Workman. The petitioner asks that the mortgage be foreclosed; that Nancy Workman, who is the mother of William, and Mary, his wife, with other parties not now necessary to name, be made defendants, &c. Neither the mortgagor, nor William, the grantee, are made parties. The mortgagor (after the other defendants had answered) appeared by his attorney, and moved the court to allow him to be made a party defendant, claiming an interest in the result of the suit, setting up a defense as against the amount for which complainant asked a foreclosure. This motion was sustained, and it is from this ruling that the appeal is taken.

*Edmonds & Ransom* for the appellant.

*Clark & Bro.* for the appellee.

Gifford v. Workman.

BALDWIN, Ch. J.—It is claimed in argument, by the counsel of appellant, that the mortgagor having sold and transferred his equity of redemption, is not a necessary party, having no interest in the controversy adverse to that of the complainant. It is recognized as a well-settled rule in a proceeding of this character, that all persons whose rights are to be affected or concluded by the decree ought to be made parties.

Mr. Story, in his work on Equity Pleadings, after referring especially to certain parties possessing certain interests in the mortgage, as devisees, legatees, &c., in the mortgaged premises, adds, that it has been asserted to be the general (although not the universal) rule, that all incumbrancers, as well as the mortgagor, should be made parties, if not as indispensable, at least as proper, parties to such a bill, &c. See § 193. It has been held by this court, in the case of *Murray* v.. *Catlett et al.*, 4 G. Greene, 108, that where a mortgagor has sold his equity of redemption and all right to the property subject to the mortgage, he need not be made a party to a bill of foreclosure. In this case, it appears that Murray and wife, whom it was claimed were necessary parties, had conveyed their equity of redemption in the mortgaged premises, and had sold subject to the mortgage, that is, sold with the understanding that this grantee should pay off the mortgage, and this was a condition in the sale. It does not appear that the mortgagor sold the property, subject to the mortgage, to complainant, but from the fact that he covenanted in this deed to warrant the title against all incumbrances, it is to be inferred that he did not sell subject to the lien of complainant's mortgage. In their opinion the court say, "that defendants could assume that upon general principles the mortgagor should be a party defendant." But this, we think, depends upon the fact of his being interested in the suit. If in fact, and upon the face of the proceedings, he has

divested himself of all interest in the property mortgaged, there can be no necessity or propriety in making the mortgagor a party.

Assuming this to be the correct rule, the question then arises, whether, upon the face of these proceedings, it can be determined that the mortgagor has 'no interest in this suit. It is true he has by his deed divested himself of all interest in the mortgaged premises; but yet, by his agreement to warrant and defend against all incumbrances, has he not an interest in this proceeding? If the mortgagor is not made a party, and the premises are sold under an order of foreclosure against the grantor, the mortgagor is liable on his covenant of warranty. The mortgagor may have a defense that could not be interposed by his vendee. By permitting him to be made a party, the whole matter in controversy may be terminated in the one suit, and thus avoid a multiplicity of suits.

But we think our statute settles the right of a mortgagor to be made a party, where he has not sold the mortgaged premises with an express understanding that the vendee should pay all incumbrances with a portion of the purchase money. Section 2761 of the Revision of 1860 provides, that any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved in the action. The mortgagor in this case, by his motion, with an answer and affidavit attached thereto, claims an interest in the controversy adverse to the plaintiff.

We do not suppose that it is upon every character of a claim that the court would permit a party to come in and be made defendant; but it must be a claim made in good faith, with an apparent interest in the controversy. If the party thus claiming the right to defend should fail to show any such right, the court could, upon hearing,

dismiss the action as to him making the proper order·as to costs.

But is the mortgagor in this case not a *proper* party to a complete determination or settlement of the question involved in the action? The right of the complainant to foreclose this mortgage, or to cut off the equities of those who claim under the deed of Workman to his brother, depends upon the fact whether the mortgage debt is still subsisting. If complainant has been paid in full, or in part, as is now claimed by the mortgagor, or if the mortgage was obtained through fraud or in violation of law, are these not proper questions involved in this action, and is not the mortgagor a necessary party before these questions can be settled?

The amount due the complainant must be fixed and settled before there is a foreclosure.

Affirmed.