## M. M. ASKEY ET AL. v. A. J. WILLIAMS.

### No. 6549,

1. **Minors—Necessaries—Attorney Fees.**—The contracts of a minor for neces-saries are neither void nor voidable. The services of an attorney should be held neces-sary to an infant when he is charged with crime.

2. **Promissory Note Made by Minors.**—Such note when executed for necessa-ries is voidable. When suit is brought upon such note, if it be shown that the agreed price for the necessaries for which the note was given was unreasonable judgment will be given for the reasonable value as may be shown of such necessaries.

3. **Mortgage.**—It seems that a minor may execute a mortgage to secure a promis-sory note executed by him for necessaries.

4. **Mortgage with Power to Sell.**—Such power or a sale under it would be void-able upon the minor paying the note or the reasonable value of the consideration of the note after majority.

5. **Delay in Avoiding Act by Minor.**—In this case the minor made a deed to the land to another over a year after his majority, never having at any time tendered the amount of his debt or the value of the services for which his note was given. *Held,*

that such action did not avoid the sale made under his mortgage with power to sell made and executed while he was a minor.

6. **Decree—Certainty.**—The judgment rendered in a suit for partition decreed that plaintiff recover one-third of the land and the remainder of the land to the defendants (there being two married women with their husbands defendants), and ordered that it be divided equally between *the three*. *Held*, this sufficiently showed that each was decreed a third interest.

7. **Costs of Partition.**—Where defendants litigate a partition suit it is proper on the plaintiff succeeding that he have judgment for his costs up to the final judgment, the costs of partition to be paid pro rata by those taking in partition.

Error from Wilson. Tried below before Hon. Geo. McCormick. The opinion states the case.

*B. F. Ballard*, for plaintiffs in error.— 1. A minor's contracts are voidable at law and may be disaffirmed on his reaching his majority, and any act which shows clearly his intention to disaffirm such contract is sufficient to avoid his contract, and a contract for the sale of land or a sale of land by a minor may be avoided by any act showing his intention to do so, as by instituting a suit for the recovery of the land after arriving at his majority, retaining possession of the land from his vendee by himself or agent. A sale of land by a minor is most effectually disaffirmed by the minor executing a deed to the same land after arriving at majority to some other person than the one to whom he sold while a minor, and the minor would be entitled to a reasonable time after arriving at his majority to disaffirm his act. Tied. on Real Prop., sec. 793; 3 Washb. on Real Prop., pp. 249, 250; 1 Washb. on Real Prop., pp. 455, 456, 458; Bish. on Con., arts. 276, 280; Green v. Green, 25 Am. Rep., p. 233; 1 Pars. on Con., p. 294; Story Eq. Jur., secs. 241, 242, 323, 325, 326, 335; Sedg. & Wait on Trial of Title of Land, sec. 198; Bingham v. Barley, 55 Texas, 281.

2. The executory contracts of a minor for the sale of land are void and ineffectual to pass title to the land unless the minor confirm or affirm them after he becomes of age. And a person claiming title to land under an executory contract made by a minor, as a deed of trust or other executory conveyance, must show a confirmation made by the minor of such contract after he becomes of age in order to prove title in himself. 1 Hill. on Mort., pp. 17, 646; Walsh v. Powers, 3 Am. Rep., 655.

3. In a suit for partition the court shall enter a decree determining the share or interest of each joint owner in the estate sought to be divided and directing partition to be made. Rev. Stats., arts. 3468, 3469.

4. The court shall adjudge the costs in a partition suit to be paid by each party to whom a share has been allotted in proportion to the value of the share. Rev. Stats., art. 3493.

*A. J. Williams*, for defendant in error.—The deed executed by J. L.

Lightfoot to defendant in error was for necessaries, and therefore could not be avoided by him or anyone for him; and the defendant Jeff D. McAdoo was charged with notice of the facts and bound by them, and if Lightfoot's deed to Williams was good against him it was good against the world.   Cummings v. Powell, 8 Texas, 81; Stuart v. Baker, 17 Texas, 417; Bingham v. Barley, 55 Texas, 281.

As to what are necessaries, see 2 Greenleaf on Evidence, 365; as to the plea of same, 362; manner of avoiding plea of same, 364, subdivision I.

Money paid to release infant from custody has been held to be necessaries.   1 Blacks. Com., 467.   So the pulling of a tooth has been held. Pasch. Dig., 424, note.

Manner of rebutting evidence of necessaries.   2 Greenl. on Ev., 366.

GAINES, ASSOCIATE JUSTICE. — This suit was brought by appellee against appellants to establish his title to an undivided one-third interest in a tract of land described in his petition and for partition.   Appellants ·Mrs. Askey and Mrs. McAdoo were alleged each to own an undivided one-third interest in the land, and their husbands were made parties de·fendant.   Mrs. Belle Ware was also made a party defendant, the petition alleging that she had once claimed an interest in the land and had never formally relinquished her claim.   The defendants denied the allegations of the petition and pleaded specially their title.   They averred that the land belonged to appellant McAdoo and his wife Mrs. McAdoo and to Mrs. Askey and Mrs. Ware, who are alleged to be the heirs of Oliver :Lightfoot and Mrs. E. Lightfoot.   The plaintiff filed a supplemental petition, which will be considered in another part of this opinion.

There was a judgment decreeing that plaintiff and defendants Mrs. Askey and Mrs. McAdoo were the owners each of an undivided one-third interest in the land, and ordering that the same should be partitioned among them in accordance with their respective interests.

Upon the trial it was admitted that title in the land in controversy was formerly in one Oliver Lightfoot, and that it descended to J. L. Light·foot, Mrs. M. M. Askey, and Mrs. Nettie A. McAdoo in equal portions as his heirs.   It appears that J. L. Lightfoot was a minor when he inherited his interest in the property and that he did not attain his majority until the latter part of the year 1885.   In December, 1883, having been indicted for theft of cattle, he employed plaintiff, who was an attorney at law, to defend him in the prosecution and agreed to pay him $250 for his services.   To secure the sum so promised he executed to plaintiff his promissory note due March 1, 1884, and also a mortgage upon his in·terest in the land in controversy, which empowered plaintiff to make sale of his interest in default of the payment of the note.   The plaintiff transferred the note collaterally to secure a debt he owed one Cummings.   The note not having been paid at maturity, at the instance of Cummings he

exposed the land for sale in accordance with the terms of the mortgage on May 24, 1884, and Cummings became the purchaser. Plaintiff having paid Cummings the latter reconveyed the land to him. After the sale under the power in the mortgage, and after J. L. Lightfoot attained his majority, he sold and conveyed his interest in the land to appellant J. D. McAdoo.

The contracts of an infant for necessaries are neither void nor voidable, and we are of opinion that the services of an attorney should be held necessary to an infant when he is charged by an indictment with crime. His life or his liberty and reputation are at stake and it would be unreasonable to deny him the power to secure the means of defending himself. He may contract for food and raiment suitable to his condition in life, though they be such as are not demanded by his absolute wants, and it is not to be questioned that the immunity from punishment and disgrace is a matter of far more importance to his welfare. It has accordingly been held that reasonable attorney fees in defense of a criminal action brought against an infant are necessaries. Barker v. Hibbard, 54 N. H., 539; see also Munson v. Washband, 31 Conn., 303. It follows that by his contract Lightfoot was bound to pay plaintiff the reasonable value of his services.

We come then to the question, are the note and mortgage given by him to secure the fee either void or voidable? It is sometimes said that if an infant give his negotiable promissory note or his bond under seal even for necessaries the express contract so made is void. The reason for the doctrine is that no inquiry can be made into the consideration of such an instrument. In Parsons v. Keys, 43 Texas, 557, it is said in effect that an infant is not liable on a bill or note given for necessaries, but the point was not involved in that case. We apprehend, however, the better doctrine to be that an infant may make an express written contract for necessaries upon which he may be sued, but that by showing the price agreed to be paid was unreasonable he can reduce the recovery to a just compensation for the necessaries received by him. It is to his benefit to hold the express contract not void but voidable; for if it be voidable merely he can secure the advantage of a good bargain, and may relieve himself if it be a bad one, while on the other hand to hold it void would deprive him of the benefit of an advantageous contract. It would seem that it is for this reason that the tendency of judicial decision is to hold infants' contracts not void but voidable. We understand it to be only where it appears to the court that it is prejudicial to the infant that his contract will be held wholly void.

In accordance with these principles it seems to be generally conceded that an infant may make a mortgage of his lands, which, however, he may avoid upon attaining his majority. Bank v. Chamberlain, 15 Mass., 220; Hubbard v. Cummings, 1 Me., 11; Palmer v. Miller, 25 Barb., 399.

Upon the question of the effect of giving the mortgagee a power of sale we have had more difficulty. The great weight of authority is to hold an infant's naked power of attorney void, but the rule is different when the power is coupled with an interest. Schoul. on Dom. Rel., sec. 406. Upon the precise point before us we have found no decision. In Tucker v. Moreland, 10 Peters, 58, the question came up, but it was there held that if the instrument was only voidable it had been avoided, so that it was not necessary to decide whether it was wholly void or not. The reasoning of Mr. Justice Story, who delivered the opinion and very fully discussed the point, would, however, seem to lead to the conclusion that a mortgage with a power of sale executed by an infant was voidable only. Recurring to the case before us we can not say that it was not to the benefit of the mortgagor, in order to secure the services of an attorney to defend him against a charge of an infamous crime, to stipulate for a fixed fee, and to secure it by a mortgage upon his property with a power of sale. We think, however, that not only the mortgage but also the sale made under the power contained in it were subject to be defeated by the payment either of the agreed fee or a less amount if such should be a reasonable compensation for the attorney's services. If the infant had conveyed the land absolutely as a fee his deed would have not been void, but he could have avoided it within a reasonable time after coming of full age upon payment of a just compensation for the services rendered by his grantee. We think the same rule should apply in this case. But it appears here that although Lightfoot attained his majority in 1885 he did no act disaffirming his contract until his sale to McAdoo, which occurred about one year thereafter. He at no time paid or offered to pay anything. Under the rule of decision in this State he should have offered to pay appellant's fee within a reasonable time after attaining his majority, and having failed to do this the court below properly held that he was precluded from avoiding the conveyance.

It is complained that the decree does not fix the interests of defendants Mrs. McAdoo and Mrs. Askey in the land in controversy. The judgment however decrees one-third of the land to plaintiff and the remainder to these defendants and orders that it be divided equally between the three. This sufficiently shows that each was decreed a one-third interest.

J. L. Lightfoot intervened in the suit and at the trial withdrew his plea of intervention. He was in the final judgment decreed to pay the costs incurred by him. There was no error in this. It was also properly adjudged that the plaintiff should recover his costs of the defendants, and that the costs of the partition should be equally divided among the parties to whom the land was decreed.

If there was any error in the action of the court upon the supplemental

petition of plaintiff in answer to the intervention of Lightfoot it did not in any manner affect the rights of appellants upon the trial.

There being no error in the proceedings of the court below which has operated to the prejudice of appellants the judgment is affirmed.

*Affirmed.*

Delivered June 11, 1889.