WILLIAM H. FISHER, and another,

*vs.*

ROBERT G. SHEA, and Trustee.

Sagadahoc.    Opinion March 21, 1903.

*Attorney and Client.   Trustee Process.   Necessaries.   R. S., c. 86, § 55 par. VI.*

Aside from the exclusion of certain classes of articles or services, of which it may be predicated as a matter of law that they are not comprised in the term "necessaries," what are necessaries is a question of fact, dependent upon the varying circumstances of each case.

Legal services rendered in the defense of a criminal prosecution, and in defense of a civil action in which the defendant has been arrested, are necessaries.

The plaintiffs, attorneys-at-law, brought an action to recover for professional services rendered by them in behalf of the defendant, in defense of an action for an alleged assault and battery.   The defendant at the time of the alleged assault was acting as a police officer.   He was not arrested on the writ, and the suit was disposed of by an entry of neither party, no further action.

The defendant was a police officer, and as such liable to prosecutions of the character described in this case.   The suit against him affected his reputation as a citizen and an officer, and he was forced to defend it to avoid consequences more injurious than the loss of property rights.   *Held;* that the legal services rendered in his defense, under the circumstances, may properly be included in the term necessaries to which the statute R. S., c. 86, § 55, par. VI, has given preference.

In the action for the alleged assault and battery the defendant was not arrested, but the fact that he was liable to arrest on execution after judgment against him is to be considered.   It is analogous to cases where original arrests were made.

On report.   Trustee process.   Trustee charged.

The plaintiffs were attorneys-at-law and brought this action to recover for professional services rendered by them in behalf of the defendant, in defense of the action *James Hersom* v. *Robert G. Shea* in the Superior Court of Kennebec County.   That was an action for an assault and battery alleged to have been committed upon Hersom

by the defendant Shea, while acting as a police officer of the City of Augusta. In the case at bar the principal defendant became defaulted, and it was agreed that, at the time of the service of the trustee writ upon him in this case, there was due from the trustee to the principal defendant the sum of fifteen dollars as wages for his personal labor for a time not exceeding one month next preceding the service of the writ.

The parties agreed to report to the law court the question whether the funds in the hands of the trustee are exempt from attachment by this process under the provision of R. S., c. 86, § 55, par. VI.

*W. H. Fisher*, for plaintiffs.

*F. E. Southard*, for defendant.

In the action in which the services sued for were rendered, the defendant's liberty was never in any danger. The likelihood of his being arrested upon an execution which might be issued in that suit, was most remote, and while if that contingency had ever happened, services rendered in releasing him from the arrest perhaps might be held to be necessary within the meaning of the statute, it is submitted that in the suit itself the services do not come within the meaning of the term. If these services are held to be necessaries, all legal services rendered in defending actions of tort, or in prosecuting or defending bills in equity, would be necessaries. For in all of them there is the possibility of the occurrence of an arrest. In every writ of entry an execution may issue against the defendant for costs and authorize his arrest. In every bill in equity the court may order costs to be paid by either party, and issue a capias therefor. The plaintiffs' contention, if supported, would result in holding that a bill for thousands of dollars for attorneys' fees, in defending against a foreclosure of a mortgage by suit, for instance, would be necessaries within the meaning of the statute.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

PEABODY, J. This case comes before the law court on report. The plaintiffs were attorneys-at-law and brought this action to

recover twenty-four dollars due them for professional services, rendered by them in behalf of the defendant in defense of an action for an alleged assault and battery. The defendant at the time of the alleged assault was acting as a police officer. He was not arrested on the writ. The suit was disposed of by an entry of "neither party, no further action." The amount claimed by the attorneys was a reasonable compensation for the services rendered in defense of the action.

At the time of the service of the writ, in the present action, there was due from the trustee to the principal defendant the sum of fifteen dollars as wages for his personal labor for a time not exceeding one month next preceding the service of the process.

The question is presented whether the funds in the hands of the trustees are exempt from attachment by this process under the provisions of R. S., c. 86, §55, par. VI. This statute provides as follows:

"No person shall be adjudged trustee  .  .  .  .  by reason of any amount due from him to the principal defendant, as wages for his personal labor, or that of his wife or minor children, for a time not exceeding one month next preceding the service of the process, and not exceeding twenty dollars of the amount due to him as wages for his personal labor ; and this is not exempt in any suit for necessaries furnished him or his family ;  .  .  .  ."

The fund in the hands of the trustee being due as wages for the personal labor of the defendant performed within one month, the trustee can be held only if the subject matter of this suit is "necessaries furnished him or his family".

Aside from the exclusion of certain classes of services or articles concerning which it may be predicated as a matter of law that they are not comprised in the term "necessaries", what are necessaries is a question of fact dependent on the varying circumstances of each case. *Provost* v. *Piche*, 93 Maine, 455. Legal professional services do not belong to a class which can be excluded as a matter of law. *Peaks* v. *Mayhew*, 94 Maine, 571; *Conant* v. *Burnham*, 133 Mass. 503, 43 Am. Rep. 532.

Attempts have been made to state general rules by which legal services rendered in a given case may be tested as belonging to the

class of necessaries. It is impossible to make these rules sufficiently definite to admit or exclude all cases as matter of law. A more practical rule would be to contract the debatable ground so far as possible, for there must always be border lands in which a slight variation of circumstances leads to reasonable difference of opinion among men.

A safe standard for lines of demarcation, as applied to legal services rendered in litigation, is found in the case of *Conant* v. *Burnham* cited above. From the illustrations presented by this case it may be stated as a safe rule of general application, that legal services rendered in the defense of a criminal prosecution fall within the class of necessaries; see also *Askey* v. *Williams*, 74 Texas, 294, 5 L. R. A. 176; that such services rendered in the institution of criminal proceedings are not comprehended in the meaning of the term. Between these extremes lie those services of an attorney rendered in the defense or in the prosecution of civil actions. It would be safe to go a step further and say that there may be services in the defense of a civil action which are included in the term necessaries, *Barker* v. *Hibbard*, 54 N. H. 539, 20 Am. Rep. 160, and that there may even be services rendered in the prosecution of civil actions which are so included. *Munson* v. *Washband*, 31 Conn. 303, 83 Am. Dec. 151.

It is unnecessary to consider further the prosecution of civil actions. The present case comes within the class of those legal services, which are rendered in the defense of a civil action. In most, if not all, cases of arrest of the defendant legal services rendered in protecting and defending him could be properly classed as necessaries. Whether this could be said of the defense of a contract right, where an adverse result of the suit would involve only a pecuniary loss, is doubtful.

In the present case there was no arrest on the writ, but the fact that he was liable to arrest on execution after judgment against him is a circumstance proper to be considered. It is analogous to cases where original arrests were made. The defendant was a police officer and as such peculiarly subject to prosecutions of the character described in this case. The suit against him could not fail to affect seriously his reputation as a citizen and his efficiency as an officer of

the law, and he was forced to defend it to avoid consequences more injurious than the loss of property rights.

It is well to consider here the purpose of the statute invoked in this case. The reason for its existence rests on public policy.' It is for the best interests of the state that the wage earner should have the incentive to labor for the maintenance of his home which comes from a judicious protection of his earnings; and equally so that he should be protected from the effects of his own improvidence or misfortune by holding out to those who can furnish him with the things he needs a reasonable expectation of remuneration. It is obviously the intent of the statute to encourage furnishing to all without regard to financial responsibility those things whose lack might not only cause hardship to the individual, but detriment to the community.

The defense of a citizen from injury to his person or his reputation, the protection of a public officer in the performance of his duties, and the maintenance of his official character may properly be included among those things to which the statute has given preference.

It is our opinion that the services rendered in this case were necessaries within the meaning of the law.

*Trustee charged for fifteen dollars.*