## MARTÍNEZ, APELADO, v. PADILLA, APELANTE.

### APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 918.—Resuelto en mayo 27, 1913.

COSTAS—MATERIA LITIGIOSA—HONORARIOS DE ABOGADOS.—De acuerdo con el artículo 327 del Código de Enjuiciamiento Civil enmendado por ley de marzo 12, 1908, la imposición de una condena de pagar honorarios de abogados como costas, depende de que la cantidad reclamada en la demanda exceda de $500 y no de la determinada por la sentencia, a' cuyo importe se refieren las palabras materia litigiosa empleadas en dicho estatuto.

ID.—CULPABILIDAD—MALA FE—TEMERIDAD.—La palabra culpabilidad, usada en el artículo 327 del Código de Enjuiciamiento Civil enmendado por ley de marzo 12, 1908, es sinónima de temeridad o mala fe a los efectos de la imposición de costas, y en tal sentido una persona es culpable, temeraria o de mala fe en un litigio, cuando no existe algo que justifique su acción o sus defensas.

ID.—CULPABILIDAD—DEMANDA INJUSTA.—No puede reputarse temerario, ni ser condenado en costas el demandado, cuando fuere denegada alguna parte de la demanda, ni cuando su oposición a ella se estima justa, siquiera sea tan solo en parte.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Diego.*

Abogado del apelado: *Sr. Leopoldo Feliú.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La. demanda origen de este recurso tiene por objeto reclamar del demandado daños y perjuicios cuyo importe apreció el demandante en la cantidad de $5,070, cuantía impugnada por el demandado como excesiva y además como no debida, por lo que interesó que se le absolviera de la demanda.

Celebrado el juicio correspondiente ante la Corte de Distrito de Mayagüez, dictó ésta su sentencia por la que condenó al demandado a pagar al demandante la cantidad de 300 pesos, las costas, desembolsos y los honorarios de abogado.

Interpuesto recurso de apelación por el demandado contra ese fallo, el único motivo de error alegado contra él es el de infringir el artículo 327 del Código de Enjuiciamiento Civil,

según fué enmendado por una ley aprobada en 12 de marzo de 1908.

Tal como ha sido planteado el recurso, el apelante acepta la condena, en cuanto al montante de la cantidad debida como indemnización, pero estima ilegal la otra condena de pagar honorarios de abogado que contiene el fallo, por lo que a esta última parte limitaremos nuestra consideración.

El precepto que se cita como infringido dice así:

"Artículo 327. Las partes en acciones o procedimientos tendrán derecho a las costas y desembolsos que en ellos se les hayan irrogado, con sujeción a las reglas que más adelante se establecen. En todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la materia litigiosa excede de quinientos dollars, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios. Disponiéndose, que nada de lo contenido en esta sección podrá entenderse en el sentido de permitir que los honorarios de abogados se incluyan en las costas impuestas contra un demandado que no hubiere comparecido en el pleito o procedimiento, y disponiéndose además que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento teniendo en cuenta el grado de culpabilidad si la hubiere, de la parte condenada por la sentencia."

Según el artículo transcrito, cuando la materia litigiosa excede de quinientos pesos, la corte sentenciadora puede condenar a la parte contra quien dicte sentencia a que pague a su contrario los honorarios de abogado.

El apelante sostiene que la materia litigiosa a que se refiere la ley a los efectos de poder imponer el pago de honorarios de abogado es la cantidad determinada por la sentencia como debida y no la reclamada en la demanda.

Las palabras materia litigiosa (*subject matter*) usadas por la ley, siempre han significado la cuantía de la reclamación, la controversia planteada por la demanda. Según Bouvier's Law Dictionary, vol. 2, pág. 1052, significan la causa, el objeto, la cosa en disputa. Igual definición encontramos en 27 Cyc., 342, aunque con la adición de que también es la materia o

cuestión propuesta como base de discusión en alguna afirmación o controversia. En 7 Words and Phrases Judicially Defined, p. 6711, se dice que son el derecho que una parte reclama contra otra y por el cual pide fallo a la corte y que son sinónimos de causa de acción. En English Law Dict., 752, se definen como el fundamendo de una acción. Así pues materia litigiosa o cuantía en litigio (*subject matter*) significan siempre la cuestión en controversia, o sea la que se somete a discusión y resolución por una demanda.

Por consiguiente, de acuerdo con nuestro estatuto, la imposición de una condena de pagar honorarios de abogado depende de que la cantidad reclamada en la demanda exceda de quinientos pesos y no de la determinada por la sentencia. Es cierto que en algunos Estados de la Unión las costas y los honorarios dependen de la cantidad determinada por la sentencia y no de la reclamada en la demanda, pero en esos Estados claramente lo han dicho así sus estatutos. Así vemos, por ejemplo, que la sección 1025 del Código de Procedimientos de California dice ''que no se concederán costas en acción en que se reclame dinero o daños cuando el demandante *recobre* menos de trescientos pesos.'' En otras jurisdicciones, como en Indiana, cuando el demandante *recobra* menos de cincuenta pesos no tiene derecho a costas y debe pagar las del demandado; en New Jersey, si no *recobra* más de doscientos pesos en acciones comenzadas ante la Corte Suprema, no tiene derecho a costas; y en Oregon, también depende de lo que se *recobre* por la sentencia. 11 Cyc., 41. En tales Estados, no es la cuantía litigiosa sino la cantidad determinada por la sentencia la que da derecho a las costas y con razón puede decirse en ellos, que mientras el montante reclamado en la demanda determina la jurisdicción, el recobrado por la sentencia sirve de base para el derecho a las costas. No sucede así en nuestro estatuto.

El otro requisito que exige la ley para que pueda condenárse a pagar costas y honorarios de abogado es que, a juicio

discrecional de la corte, haya habido culpabilidad en la parte condenada por la sentencia.

La culpabilidad a que se refiere la ley equivale a la temeridad o mala fe que exigían nuestras leyes anteriores para la imposición de costas. Todas ellas son sinónimas y, como ellas mismas expresan, significan la falta de razón en el demandante para establecer y sostener su acción y en el demandado para sus defensas. Así pues, en tal sentido una persona es culpable, temeraria o de mala fe en un litigio, cuando no existe algo que justifique su acción o sus defensas. En consecuencia, según la constante jurisprudencia del Tribunal Supremo de España, no puede reputarse temerario, ni ser condenado en costas el demandado, cuando fuere denegada alguna parte de la demanda, ni cuando su oposición a ella se estima justa, siquiera sea tan sólo en parte. Sentencias de 14 de marzo y 4 de mayo de 1893.

Bajo tales antecedentes la cuestión en este caso es si hubo culpabilidad, temeridad o mala fe en el demandado, que es el condenado por la sentencia, al defenderse de la demanda contra él establecida.

El demandante reclamó 5,070 pesos por daños recibidos a consecuencia de lesiones que voluntariamente le infirió el demandado. Entre las partidas que formaban ese total, existía la de 3,000 pesos por tres meses que estuvo impedido de atender a su finca. El demandado había alegado que la cantidad total reclamada era excesiva, que los daños y perjuicios no importarían más de quince o veinte pesos; que había obrado en defensa propia y negó, entre otras cosas, que pasara el demandante tres meses sin poder atender a su finca. La sentencia de la corte dió la razón al demandado en estos extremos al declarar que sólo un mes estuvo impedido el demandante de atender a su finca, que no probó la pérdida de la cosecha de ella y que la cantidad debida no era sino de trescientos pesos.

Atendidas, pues, todas las circunstancias de este caso, no podemos decir que hubo temeridad o culpabilidad al defen-

derse de la reclamación que se le hizo y, por tanto, la corte inferior infringió la ley al declarar que hubo culpabilidad en su defensa.  Tan no la hubo, que si no se hubiera defendido, sin celebración de juicio, hubiera sido condenado a pagar los 5,070 pesos reclamados, en cuya cantidad figuraban tres mil por abandono de la finca durante tres meses, con pérdida de la cosecha, lo que, como hemos visto, no era exacto.

Por estas razones la sentencia apelada debe ser revocada en el extremo que condena al apelante a pagar honorarios de abogado.

*Revocada la sentencia en cuanto al pronunciamiento sobre pago de honorarios y confirmada en lo demás.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.