[McCormack v. Malone.]

# McCormack v. Malone.

*Assumpsit.*

(Decided June 16, 1914. Denied rehearing June 30, 1914.
65 South. 711.)

*Costs; Losing Party; Claimant.*—Where a claimant in a suit between other parties removed his suit to the city court by *certiorari* where it was dismissed for want of prosecution and claimant taxed with the costs, the suit never reached the point where an issue had to be made up between plaintiff and claimant as directed by section 6040, Code, 1907, and hence the claimant was a loser in the suit and the costs were properly taxed against him.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Claim suit between J. B. McCormack and Mrs. T. C. Malone. From a judgment dismissing claimants certiorari and taxing him with the costs she appealed. Affirmed.

CULLI & MARTIN, for appellant. Appeal may be taken from judgment on motion to retax costs. Section 3684 Code 1907 as amended; Acts 1911, page 9. Under the facts in this case the claimant was not the losing party and was improperly taxed with the costs.—*Burns v. Howard,* 68 Ala. 353; *Northern v. Hanners,* 121 Ala. 588; *Myers v. Conway,* 90 Ala. 109; *Pappo v. Howard,* 154 Ala. 310; *Parker v. Wimberly,* 78 Ala. 64.

W. J. BOYKIN, for appellee. Counsel discusses the case as presented on appeal and insists that under the circumstances of this case the claimant was the loser and that costs were properly taxed against her under provisions of section 4060, Code 1907.

WALKER, P. J.—It is apparent from the record that the appellant, who was the claimant below, in seeking a retaxation of the costs upon the ground that they had been taxed improperly against the winning party to the suit, instead of against the losing party, acted on a misapprehension of the judgment. The suit which was removed into the city court by the writ of certiorari was the claim suit instituted by the appellant. The judgment of that court, after reciting the claimant's failure to appear and prosecute his appeal to effect, and that no cause for such failure was made known to the court, adjudged "that this suit be dismissed for want of prosecution, and that the plaintiff go hence and recover judgment against the claimant for the costs in this behalf expended," etc. This was a dismissal, not of the original suit brought by the plaintiff against O. S. McCormack, but of the claim suit instituted by the appellant, J. V. McCormack. The judgment entry does not import a dismissal of her suit by the original plaintiff. The original suit was not removed into the city court by the writ of certiorari. Only the claim suit was before that court, and it was that suit which was dismissed for want of prosecution.

Because of the claimant's failure to prosecute his appeal, in consequence whereof the claim suit was dismissed, that ancillary suit, in the court to which it was removed by the writ of certiorari, never reached the stage at which an issue had to be made up between the plaintiff in the writ and the claimant, as directed by section 6040 of the Code. It was put out of court before the time arrived for making up that issue, leaving the judgment of the justice of the peace unaffected by the abortive certiorari proceeding. Such an issue is not required to be made up in a claim suit after it has been dismissed in consequence of the claimant's failure

to appear and prosecute his appeal. The result of a dismissal of the claim suit for want of prosecution is to make the claimant, not the original plaintiff, the loser in that suit. The costs were properly taxed against the party who lost the claim suit, as the claimant did by the dissmissal of his suit for want of prosecution.

Affirmed.