## THIEF RIVER CO-OPERATIVE STORE COMPANY v. FIRST NATIONAL BANK OF THIEF RIVER FALLS.[1]

November 19, 1915.

Nos. 19,565—(170).

**Appeal from judgment — motion for dismissal.**

1. The trial court correctly denied a motion made by the intervener to dismiss an appeal by defendant from a judgment of the municipal court.

**Costs — taxation against intervener.**

2. Following McKinley v. National Citizens Bank of Mankato, 127 Minn. 212, it is *held* that the intervener in this case was liable for statutory costs.

Action in the municipal court of Thief River Falls to recover $100 and interest upon a promissory note. The history of the case is given in the opinion. From the judgment entered in favor of intervener, the First National Bank of Thief River Falls, defendant appealed to the district court for Pennington county upon questions of law alone. The appeal was heard before Grindeland, J., who modified the judgment. From the judgment entered pursuant to his order for judgment, the intervener appealed. Affirmed.

*J. M. Bishop,* for appellant.

*G. Halvorson,* for respondent.

BUNN, J.

This action was commenced in the municipal court of Thief River Falls to recover on a promissory note given by defendant to plaintiff. Defendant answered, setting up defenses the nature of which is not material here, and plaintiff replied. The First National Bank of Thief River Falls intervened in the action, claiming that it held the note sued on as collateral security for a debt owing it by plaintiff, and demanding judgment against defendant for the amount of the note. A demurrer by defendant to the complaint in intervention was overruled. This was on

[1]Reported in 154 N. W. 953.

131 M.—13.

February 27, 1915. On March 16 Mr. Bishop appeared in court and withdrew as attorney for plaintiff in the action. March 30 Mr. Bishop appeared in court, stated that he was the attorney for the intervener, and withdrew the complaint in intervention. Defendant then moved that the main action be dismissed, and the motion was granted. Defendant then moved that the statutory costs of five dollars be taxed against the plaintiff and also against the intervener. The court granted this motion as against plaintiff, but denied it as against the intervener, and entered judgment accordingly. Defendant appealed from this judgment to the district court of Pennington county upon questions of law alone. The notice of appeal was served upon the intervener, but not upon plaintiff. The appeal was heard by the district court, and it was ordered that the judgment of the municipal court be modified by the entry of judgment in the district court in favor of the defendant and against the intervener for the sum of five dollars statutory costs, but that execution be enforced upon but one judgment. The costs and disbursements on the appeal were allowed defendant against the intervener. Judgment was entered in accordance with this order, and the intervener appealed therefrom to this court.

1. Intervener moved to dismiss the appeal from the municipal to the district court, and now claims that this motion should have been granted. The grounds urged are that notice of appeal was not served upon plaintiff, that the appeal was not from a judgment of the municipal court, and that in any event defendant had no right to appeal from a judgment in his own favor. It is further claimed that an appeal from the judgment did not bring up for review the order of the municipal court refusing to tax costs against the intervener. We fail to see anything of substance in any of these contentions. Plaintiff was in no way interested in the appeal, conceding that he was still in the case. The appeal was plainly from a judgment of the municipal court, and the judgment was not the one appellant had asked. On its face it adjudged that the intervener was not liable for costs, and it was not necessary to except to or appeal from the preliminary order.

2. Was the intervener liable for statutory costs? G. S. 1913, § 7766, concerning intervention, says: "All the issues shall be determined together, and if the intervener's claim be not sustained he shall pay the

costs resulting therefrom." The question here is decided by the case of McKinley v. National Citizens Bank of Mankato, 127 Minn. 212, 149 N. W. 295. Following that decision we must hold that the intervener in this case, whose claim was not sustained, is liable for statutory costs.

Judgment affirmed.