### KINNEBREW v. McAFEE. (No. 2471.)

(Court of Civil Appeals of Texas. Amarillo. April 15, 1925. Rehearing Denied May 6, 1925.)

1. **Infants** ⬥98—**Jury's finding that defendant did not appear to be 21 years of age held unsupported by evidence.**

Jury's finding that defendant did not appear to be 21 years of age, when he borrowed money from plaintiff to buy land, *held* not supported by evidence.

2. **Infants** ⬥58(1)—**Minor held obligated to disaffirm note within reasonable time after attaining majority.**

Minor *held* obligated to disaffirm, within a reasonable time after attaining majority, a note executed to plaintiff for a sum advanced by the latter in payment of purchase price of land bought by minor.

3. **Infants** ⬥102—**Ordinarily, question whether infant disaffirmed contract within reasonable time after reaching majority is for jury.**

Ordinarily, question whether infant disaffirmed contract within reasonable time after reaching majority is for jury.

4. **Infants** ⬥98—**Testimony held insufficient to sustain jury's finding defendant disaffirmed note within reasonable time after attaining majority.**

Testimony *held* insufficient to sustain jury's finding that defendant disaffirmed within a reasonable time after majority a note executed during his minority.

Appeal from Young County Court; W. H. Reeves, Judge.

Action by L. L. Kinnebrew against W. L. McAfee. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

E. W. Bounds, of Fort Worth, and Elmer Graham, of Graham, for appellant.

Marshall & King, of Graham, for appellee.

JACKSON, J. This suit was instituted in the county court of Young county, Tex., September 7, 1922, by L. L. Kinnebrew, appellant, against W. L. McAfee, appellee, to recover on a note for the sum of $400, dated April 25, 1921, executed by appellee, and payable to appellant October 1, 1921, with interest at the rate of 8 per cent. per annum from maturity.

The defendant answered, pleading that on April 25, 1921, the date of the note sued on, he was under the age of 21 years, and the indebtedness evidenced by the note was not incurred for his education, maintenance, and support, but for the purchase of real estate situated in the town of Eliasville, and that the purchase had not been ratified by him since reaching his majority, but had been disaffirmed. Appellee tendered in court a deed conveying the property, which the money evidenced by the note had been advanced to buy to appellant.

Appellant replied by supplemental petition, alleging that appellee represented to him at and prior to April 25, 1921, that he was 21 years old, and that appellee from his appearance had reached his majority at the date of the transaction, and he relied on the representations and appearance in making the transaction; and since he had reached his majority, appellee had promised to pay the note and thereby ratified the transaction, for all of which reasons he is estopped to plead minority.

In response to special issues submitted, the jury found that appellee did not represent prior to the execution of the note that he was 21 years old; that at the time of the execution of the note he did not appear to be 21 years old; that appellee, within a reasonable time under all the surrounding facts and circumstances, after reaching his majority, disaffirmed the contract.

A judgment was rendered by the court upon such findings in favor of appellee, and that appellant take nothing by his suit

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

and pay all cost, but that the deed tendered by appellee be delivered to appellant.

There is but one assignment in the record that properly presents any question for our consideration, and that is the challenge to the action of the court in rendering judgment for appellee against appellant because of the insufficiency of the testimony to support the findings of the jury and the judgment of the court. The note introduced in evidence bears date April 25, 1921, and is due and payable October 1st thereafter to appellant for $400, with interest at 8 per cent. after maturity, and is unconditional.

[1] Appellant testified that he had appellee employed as his bookkeeper and manager at Eliasville and Ivan; that appellee told him he was 22 years of age, and that he had the physical appearance of being 21 years old at that time; that he worked for appellant one or two years, was very efficient, and handled his lumber business at both points, which amounted to from $20,000 to $60,000 per month, and had full authority to draw checks at the bank on appellant. In March or April, 1921 appellee came to appellant at Graham and told him he wanted to buy a lot at Eliasville, which he could get for $400, from one Jordan, and wanted appellant to advance the money; that as a result of the negotiation appellee purchased two lots for the sum of $800, and procured a deed made jointly to appellant and appellee. Appellee gave the check on appellant for the $800 and charged himself on the books with $400, and three or four months later, at appellant's request, he executed the note for $400 sued on, giving it the date of the transaction; that appellee left appellant's employ, and when the note came due, he was notified by letter thereof, and replied that he would pay interest on the note and give a new note; he failed to do this, and after writing him three or four times and receiving no reply, something like a year after the note was due suit was filed; that appellant never saw the lots but relied on appellee, who handled the entire transaction; that appellee was a very intelligent and capable young man, and claimed to have been in the lumber business for himself when employed by appellant; that three or four months after the purchase of the lots they could have been sold at a profit of $200, but appellee thought they would be worth more, and after the note became due the cost of the lots could have been secured, which he would have done had appellee disaffirmed the contract. At this time the lots have practically no value; appellant having offered to take $25 for his lot and failed to find a buyer. The deflation in values was caused by the passing of the oil boom in Eliasville.

Appellee testified by desposition that he was acquainted with and was working for appellant on the date the note was executed, and was 21 years old August 1, 1921, and that the note was given as the consideration for a one-half undivided interest in lots 1 and 2, in block 9, in the town of Eliasville, and since reaching his majority he had neither denied nor ratified the note; that he first learned appellant claimed the note was valid at the time he received a letter from appellant requesting payment; that he never represented he was 21 years of age at the date of the note, and the note was not for his education, support, and maintenance; that on the date he was giving his testimony, April 5, 1923, he elected to disaffirm the obligation, and was willing to convey the property to appellant and was tendering him a deed therefor. A deed from R. D. Jordan and his wife conveying the lots to L. L. Kinnebrew and W. L. McAfee was introduced in evidence, and recited a cash consideration of $800, paid by appellant and appellee. A deed from appellee to appellant of date April 20, 1923, conveying a one-half undivided interest in the lots, was also introduced.

Appellant testified unequivocally that appellee had the physical appearance, of being 21 years old at the time of the transaction. It is uncontroverted that it was but a few days at most until appellee reached his majority; that he had been working for appellant for some time, and had been in business for himself prior thereto. These circumstances, together with the fact that appellee testified by deposition, show that the finding of the jury that appellee did not appear to be 21 years of age was unsupported by the testimony, and appellant's assignment attacking the finding of the jury that appellee did not appear to be 21 years of age at the time he signed the note must be sustained.

[2] In a transaction. such, as is revealed by the record in this case, there rested upon appellee an affirmative duty to disaffirm the contract within a reasonable time after he became of age. The title to the property had vested in appellee, and if he is permitted to keep silent indefinitely after he reached his majority, he would be allowed "to speculate upon fluctuations in value, to affirm or disaffirm, as his subsequent interest might dictate; whereas, the other party would be helpless until the minor might see fit to act. Walker v. Stokes Bros. & Co. (Tex. Civ. App.) 262 S. W. 158.

[3, 4] The question of a minor having disaffirmed his contract within a reasonable time after he reaches his majority is ordinarily a question for the jury, but in the case of Askey et al. v. Williams, 74 Tex. 294, 11 S. W. 1101, Judge Gaines holds that Lightfoot, who was a minor, had not acted within a reasonable time for he failed to disaffirm his contract within a year, stating:

"But it appears here that, although Lightfoot attained his majority in 1885, he did no.

act disapproving his contract until his sale to McAdoo, which occurred about one year thereafter. He had at no time paid, or offered to pay, anything. Under the rule of decision in this state, he should have offered to pay appellee's fee within a reasonable time after attaining his majority, and, having failed to do this, the court below properly held that he was precluded from avoiding the conveyance."

The note was dated April 25, 1921, and payable October 1st thereafter. The evidence is uncontroverted that appellant notified appellee on or about the due date of the note requesting its payment. Appellee admits that he made no response to any notice received, and only elected to disaffirm on April 5, 1923. The testimony is uncontroverted that appellant could have protected himself if appellee had claimed his minority as a defense to the note at or about the time it became due. It is also undisputed that the property had depreciated until it was practically without value.

In our opinion, the testimony is insufficient to sustain the finding of the jury that appellee disaffirmed within a reasonable time.

The judgment is reversed, and the cause remanded.