JUAN ENRIQUE SOLTERO ET AL., Plaintiff and Appellants, *v.* JAIME A. VÉLEZ RAÍCES, SECRETARY-AUDITOR OF THE MUNICIPALITY OF MANATÍ, P. R., Defendant; LESLIE A. MAC LEOD, AUDITOR OF PUERTO RICO, Intervener and Appellee.

No. 7291. Argued November 17, 1937.—Decided February 7, 1938.

R. *Soltero Peralta* for appellants. B. *Fernández García, Attorney General,* and C. *Andréu Ribas, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On November 27, 1933, the Municipal Assembly of Manatí adopted an ordinance authorizing and instructing the mayor to take the necessary steps to demand reimbursement from the municipal treasurer of the sums unlawfully disbursed by officers of the administration, as appeared from the report of the secretary-auditor. Sections 1 and 4 of this ordinance, in so far as material, read as follows:

"Section 1.—The Mayor is hereby authorized to choose an attorney and a certified public accountant with experience in municipal finance and administration for the purpose of making a study of the irregularities set forth in the report of the municipal secretary-auditor referred to in this ordinance.

"Section 4.—The Mayor shall contract for the services of both the attorney and the accountant for a minimum of $300 plus 20 per cent of the proceeds of the claim, such fees to be paid in the following manner: . . . ."

Thus authorized by the ordinance, the mayor contracted for the services of the plaintiffs, one an accountant and the other an attorney, who filed a suit in the District Court of San Juan in which judgment was entered in favor of the municipality. They then addressed themselves to the mayor, transmitting to him their account for $200. The mayor referred the matter to the secretary-auditor. The latter reported that there was an appropriation and sufficient funds for the payment and that he would have issued the necessary voucher if he had not received a letter from the Auditor of Puerto Rico in which he was instructed not to make any payment whatsoever in connection with the said contract until the account had been audited.

Plaintiffs were advised of this, and they then asked the District Court of Arecibo in a mandamus proceeding to order the municipal auditor to pay the debt. The insular auditor asked for and obtained leave to intervene in the proceeding. On October 8, 1935, the court entered judgment dismissing the petition for a writ of mandamus, without costs, and without prejudice to the right of the plaintiffs to present a new petition if the municipal auditor should not within a period of 15 days issue the voucher necessary for the payment so claimed.

The term elapsed without the voucher having been issued, and a new petition was filed, which was granted, the municipal auditor being ordered to issue the voucher for payment whether or not he had received the documents from the insular auditor.

There was no award of costs, and the plaintiffs filed a motion asking the court to impose them on the insular auditor, modifying its judgment to that extent. The district judge denied this motion, and the plaintiffs have taken the present appeal, assigning 7 errors, the first 6 of which tend to prepare the ground for the last, which presents the only question involved in this appeal, that is, whether the intervening insular auditor should or should not pay the costs of the suit.

As legal grounds for the award of costs, the appellants, basing themselves on the statutes in force and upon the decisions of this Court, present the following:

"1. The legal basis upon which courts exercise their discretion in imposing costs and attorney's fees upon a litigant is the degree of blame of that litigant (Sec. 327 of the Code of Civil Procedure (1933 ed.)

"2. The blame of a litigant, for the purpose of imposing upon him costs and attorney's fees, has been interpreted as the 'temerity' of the litigant. (*Martínez v. Padilla*, 19 P.R.R. 555; *Otero & Nuñez v. Heirs of Pérez*, 46 P.R.R. 4; *Rosa v. Díaz et al.*, 33 P.R.R. 192.)

"3. When a litigant acts with temerity, it is an abuse of the discretion of the trial court not to impose upon him costs and attorney's fees (*Effret v. Quiñones*, 40 P.R.R. 193; *Arabia v. Lago*,

41 P.R.R. 584; *Ayende et al* v. *Crespo,* 38 P.R.R. 127; *Central Pasto Viejo, Inc.* v. *Aponte,* 34 P.R.R. 85; *Mundo* v. *Agosto,* 27 P.R.R. 257).

"4. A person acts with 'temerity' when there is nothing which justifies his maintenance or defense of the suit (*Martínez* v. *Padilla,* 19 P.R.R. 555).

And as facts determining the temerity of the intervening insular auditor, appellants then make the following statement and resume:

"(*a*) In having unnecessarily caused the petitioners to bring two mandamus proceedings;

"(*b*) In having sent to the municipal auditor the letter prohibiting him from making payment to the petitioners wihout his prior approval;

"(*c*) In having intervened in both mandamus proceedings delaying the proceedings, notwithstanding his recognition of the legality of petitioners' claim;

"(*d*) In having usurped the representation of the municipal auditor, placing him, without his consent and contrary to his true position in the case, in opposition to petitioners' claim;

"(*e*) In having ignored all of the decisions handed down by this Supreme Court not only with respect to the power of review residing in the auditor in cases of this nature, but also with respect to the right to intervene in the courts as party in proceedings in which performance is demanded of contracts undertaken by municipalities.

"(*f*) In not having returned to the municipal auditor the vouchers for payment of the credit claimed by the petitioners (retained from August 29, 1935 and not returned until December 13, Record, p. 17), upon pretext of reviewing certain documents which, in the words of the lower court, could have been reviewed in thirty minutes."

Admittedly costs may be imposed upon an intervener. From a note to paragraph 196 of the treatise on "Costs," which appears in volume 15 of Corpus Juris, we take the following:

"Thus an intervener may be charged with costs of the intervention: (1) Where he withdraws his plea at the trial. *Thief River Co-op. Store Co.* v. *Thief River Falls First Nat. Bank,* 131 Minn.

193, 154 N. W. 953; *Askey* v. *Williams,* 74 Tex. 294, 11 S. W. 1101, 5 L.R.A. 176. (2) Where the proceeding was dismissed for want of prosecution by the intervener. *McCormack* v. *Malone,* 10 Ala. A. 623, 65 So. 711. But see *Guinn* v. *Iowa, etc., R. Co.,* 125 Iowa 301, 101 N. W. 94 (holding that a party who has voluntarily intervened and afterward dismissed his petition of intervention is not thereafter within the jurisdiction of the court, and no costs can be taxed against him). (3) Where he fails to show that he has an actual interest in the subject matter of the suit. *Gifford* v. *Workman,* 15. Iowa 34; *State Bank* v. *Hurley Farmers El. Co.,* 33 N. D. 272, 156 N. W. 921. (4) Where it appears that the intervention was not made in good faith (*Gifford* v. *Workman, supra*) (5) or was not. necessary for the protection of the intervener's interests (*G. W. Jones Lumber Co.* v. *Wisarkana Lumber Co.,* 125 Ark. 65, 187 S.. W. 1068; *Barnard* v. *Bruce,* 21 How Pr (N. Y.) 360; *Cushing* v. *Heuston,* 53 Wash. 379, 102 P 29).''

The cases cited are in perfect harmony with ours. Applying the decisions to this case, we do not believe that they necessarily require the award of costs prayed for.

There is no doubt that if the plaintiffs did not collect in time and if the second petition was necessary, it was due to the attitude taken by the insular auditor in retaining in his possession the documents for examination, but there is also no doubt that the auditor did not act in bad faith or for the purpose of preventing without justification the performance of a contract duly entered into or the payment of the obligation undertaken in the same.

Section 20 of the Organic Act imposes upon the insular auditor the performance of certain duties, as does the municipal law. And although his powers are not so broad as was believed at the beginning, they are, after restriction by the courts (*Municipality of Río Piedras* v. *Serra, Garabís & Co.,* 65 F. (2d) 691, 693) sufficiently extensive to permit an examination of the documents in cases of this kind.

The record does not show what kind of a suit was entrusted to the direction of the plaintiffs, or what was its amount. One's attention is arrested by the necessity for an

accountant notwithstanding the existence of the municipal auditor's office and the insular auditor's office with experts sufficient to fix the scope of the irregularities to which the ordinance refers, not to mention the office of the attorney general, and the attention is also arrested by the fact that in order to collect sums guaranteed by bond not only was there appropriated for the payment of attorney's fees a considerable amount but also 20 per cent of the proceeds of the claim.

The intervention of the insular auditor is general on behalf of good administration, of the proper use of public funds, of the taxpayer, and, consequently, of the community. Sometimes a remedy cannot be found, but the mere fact of his intervention is a guaranty for good government in the Island.

Such being the circumstances of this case, we do not feel warranted in holding that the district court, which had the matter directly before it, abused its discretion in not imposing costs, disbursements, and attorney's fees on the intervening insular auditor. The appeal must therefore be dismissed and the judgment appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.