Juan Enrique Soltero y Rafael Soltero Peralta, demandantes y apelantes, *v.* Jaime A. Vélez Raíces, en su carácter de Secretario-Auditor del Municipio de Manatí, Puerto Rico, demandado; y Leslie A. MacLeod, Auditor de Puerto Rico, interventor y apelado.

Núm. 7291.—*Sometido:* Noviembre 17, 1937. *Resuelto:* Febrero 7, 1938.

R. *Soltero-Peralta,* por su propio derecho y como abogado del otro apelante; Hon. *Procurador General B. Fernández García* y *C. Andréu Ribas, Subprocurador,* abogados del apelado.

El Juez Presidente Señor del Toro emitió la opinión del tribunal.

El 27 de noviembre de 1933 la Asamblea Municipal de Manatí adoptó una ordenanza autorizando e instruyendo al alcalde para tomar los pasos necesarios a fin de reclamar el reintegro al tesoro municipal de cantidades ilegalmente desembolsadas por funcionarios de la administración según se desprendía del informe del secretario-auditor. Las secciones 1 y 4 de dicha ordenanza, en lo pertinente, leen así:

"Sección 1.—Se autoriza por la presente al Alcalde para que seleccione un abogado y un contador público autorizado con experiencia en administración y finanza municipal a fin de que se efectúe un estudio de las irregularidades contenidas en el informe del secretario-auditor municipal a que se hace referencia en esta ordenanza."

"Sección 4.—El Alcalde contratará los servicios de ambos profesionales para realizar este servicio por un mínimum de $300.00 más el 20 por ciento del producto de la reclamación, debiéndose hacerse efectivo dichos honorarios en la forma siguiente: . . ."

Autorizado de tal modo por la ordenanza, el alcalde contrató los servicios de los demandantes contable uno y abogado otro, quienes iniciaron un pleito en la Corte de Distrito de San Juan que se falló en favor del municipio. Entonces se dirigieron al alcalde acompañando su cuenta por doscientos dólares. El alcalde trasmitió el asunto al secretario-auditor y éste contestó que había partida provista y fondos suficientes para el pago y hubiera hecho el libramiento consiguiente a no ser por haber recibido una carta del Auditor de Puerto Rico en la que le daba instrucciones de no efectuar pago alguno en relación con dicho contrato hasta tanto interviniera en el mismo.

Se enteró a los demandantes quienes solicitaron entonces de la Corte de Distrito de Arecibo por medio de un procedimiento de *mandamus* que ordenara al auditor municipal el pago de la deuda. En el procedimiento pidió permiso para intervenir el auditor insular y le fué concedido. El ocho de octubre de 1935 la corte dictó sentencia declarando sin lugar el *mandamus,* sin costas, sin perjuicio de que si en el término de quince días el auditor municipal no expidiere el libramiento necesario para el pago reclamado, pudieran los demandantes presentar una nueva solicitud.

Transcurrió el término sin que el libramiento se hiciera y presentada la nueva solicitud se declaró con lugar ordenándose al auditor municipal la expedición del libramiento para el pago hubiera o no recibido la documentación del auditor insular.

No hubo pronunciamiento de costas y los demandados presentaron una moción pidiendo a la corte que las impusiera al auditor insular modificando su sentencia en tal sentido. A ello se negó el juez de distrito y los demandantes interpusieron la presente apelación para sostener la cual señalan siete errores, los seis primeros tendentes a preparar el fundamento del último que presenta de lleno la única cuestión envuelta en el recurso, a saber, si debe o no debe el auditor insular interventor pagar las costas del pleito.

■■ Como base legal para la condenación de costas establecen los apelantes la que sigue, fundándose en la ley en vigor y en la jurisprudencia de este propio tribunal:

"1. La base legal para que las cortes ejerciten su discreción al imponer costas y honorarios de abogado a un litigante es el grado de culpabilidad de ese litigante (Art. 327 del Código de Enjuiciamiento Civil (ed. de 1933)).

"2. La culpabilidad de un litigante, a los efectos de imponerle las costas y honorarios de abogado, ha sido interpretada como 'la temeridad' del litigante. (*Martínez, et al.* v. *Padilla*, 19 D.P.R. 582; *Otero & Núñez* v. *Sucrs. de M. Pérez*, 46 D.P.R. 4; *Rosa* v. *Díaz*, 33 D.P.R. 198.)

"3. Cuando un litigante es temerario, constituye un abuso de discreción de la corte sentenciadora, no imponerle las costas y honorarios de abogado (*Efret* v. *Quiñones*, 40 D.P.R. 192; *Arabía* v. *Lago*, 41 D.P.R. 586; *Ayende* v. *Crespo*, 38 D.P.R. 141; *Central Pasto Viejo, Inc.* v. *Aponte*, 34 D.P.R. 90; *Mundo* v. *Agosto*, 27 D.P.R. 276).

"4. Una persona es 'temeraria' en un litigio cuando no existe algo que justifique su acción o sus defensas (*Martínez* v. *Padilla*, 19 D.P.R. 582)."

Y como hechos determinantes de la temeridad del auditor insular interventor, exponen y resumen luego los que siguen:

"(*a*) En haber hecho recurrir innecesariamente a los peticionarios a dos procedimientos de *mandamus;*

"(*b*) En haber remitido al auditor municipal la carta prohibiéndole que efectuara el pago a los peticionarios sin su previa aprobación;

"(*c*) En haber intervenido en ambos recursos de *mandamus* entorpeciendo los procedimientos, a pesar de reconocer la legalidad de dicha reclamación de los peticionarios;

"(*d*) En haberse arrogado la representación del auditor municipal para colocar a éste, sin su consentimiento, y contra su verdadera posición en el caso, en oposición a la reclamación de los peticionarios;

"(*e*) En ignorar toda la jurisprudencia dictada por esta Corte Suprema no solamente en lo que respecta a la facultad de revisión que tiene el auditor en casos de esta índole, sino al derecho de intervenir en las cortes como parte en procedimientos en que se reclama el cumplimiento de contratos contraídos por los municipios.

"(f) En no haber devuelto al auditor municipal los comprobantes de pago del crédito reclamado por los peticionarios (retenidos desde el 29 de agosto de 1935 y no devueltos aún en 13 de diciembre, pág. 17 de la transcripción) pretextando la revisión de unos documentos que, según la propia expresión de la corte inferior, pudieron ser revisados en treinta minutos."

Por supuesto que un interventor puede ser condenado en costas. De una nota al párrafo 106 del tratado sobre "Costas" que aparece en el tomo 15 de Corpus Juris, tomamos lo que sigue:

"Así pues, a un interventor pueden imponérsele las costas de la intervención: (1) cuando retira su alegación durante el juicio. *Thief River Co-op. Store Co.* v. *Thief River Falls First Nat. Bank*, 131 Minn. 193, 154 N. W. 953; *Askey* v. *Williams*, 74 Tex. 294, 11 S. W. 1101, 5 L.R.A. 176. (2) Cuando el procedimiento fué desestimado por falta de instancia por parte del interventor. *McCormack* v. *Malone*, 10 Ala. A. 623, 65 So. 711. Mas véase *Guinn* v. *Iowa, etc., R. Co.*, 125 Iowa 301, 101 N. W. 94 (que resuelve que una persona que ha intervenido voluntariamente y luego desiste de su petición de intervención, no está dentro de la jurisdicción de la corte y no puede ser condenada al pago de las costas). (3) Cuando deja de demostrar que tiene un verdadero interés en el asunto objeto del litigio. *Gifford* v. *Workman*, 15 Iowa 34; *State Bank* v. *Hurley Farmers El. Co.*, 33 N. D. 272, 156 N. W. 921. (4) Cuando se desprende que la intervención no fué hecha de buena fe (*Gifford* v. *Workman, supra*), (5) o no fué necesaria para la protección de los intereses del interventor. *G. W. Jones Lumber Co.* v. *Wisarkana Lumber Co.*, 125 Ark. 65, 187 S. W. 1068; *Barnard* v. *Bruce*, 21 How Pr (N. Y.) 360; *Cushing* v. *Heuston*, 53 Wash. 379, 102 P. 29." 15 C. J. 101.

La jurisprudencia citada armoniza perfectamente con la nuestra. Aplicada a este caso no creemos que exija necesariamente la condena de costas que se pide.

No hay duda de que si los demandantes no cobraron a tiempo y de que si hubo necesidad de la segunda solicitud, se debió a la actitud asumida por el auditor insular al retener en su poder la documentación para su examen, pero tampoco la hay de que el auditor no actuó de mala fe, ni con el propó-

sito de impedir sin justificación el cumplimiento de un contrato debidamente celebrado y el pago de la deuda contraída de acuerdo con el mismo.

La Ley Orgánica en su artículo 20 impone al auditor insular deberes que cumplir. También la ley municipal. Y aunque sus facultades no son tan amplias como se creyó en un principio, subsisten después de depuradas por las cortes (*Municipality of Río Piedras* v. *Serra, Garabís & Co., 65 F. (2d) 691, 693*) en extensión tal que le permiten un examen de la documentación en casos de la naturaleza del presente.

De los autos no se desprende en qué consistió el pleito encomendado a la dirección técnica de los demandantes ni cuál fué su cuantía. Llama la atención la necesidad de un contable cuando existe la propia auditoría municipal y la auditoría insular con expertos suficientes para fijar el alcance de las irregularidades advertidas a que se refiere la ordenanza y a mayor abundamiento la oficina del fiscal general, y llama también la atención que para hacer efectivo el cobro de sumas garantizadas por fianzas no sólo se asigne para el pago de honorarios una cantidad mínima considerable si que además un veinte por ciento del producto de la reclamación.

La intervención del auditor insular lo es generalmente en pro de la buena marcha administrativa, del uso debido de los fondos públicos, del contribuyente, y, por tanto, de la comunidad. A veces nada logra remediar, pero el solo hecho de su intervención constituye una garantía para el buen gobierno de la isla.

Siendo ése el ambiente de este caso, no nos sentimos justificados para concluir que la corte de distrito que lo tuvo ante sí directamente abusara de su poder discrecional al dejar de condenar en costas, gastos y honorarios de abogado al auditor insular interventor. En tal virtud *debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.