MARÍA FRÍAS VIUDA DE RECURT, demandante y apelada, *v.*
MANUEL GONZÁLEZ, MARÍA N. VIUDA DE GONZÁLEZ E IGNA-
CIO ARROYO MARTÍNEZ, demandados y apelantes.

No. 3862.—*Visto:* Marzo 15, 1926. *Resuelto:* Marzo 26, 1926.

1. LETRAS Y PAGARÉS—ACCIONES—PESO DE LA PRUEBA—EXTINCIÓN DE LA OBLI-
GACIÓN.—Al demandante, en acción sobre cobro de pagaré, no incumbe pro-
bar su alegación de que el mismo no ha sido satisfecho; el efecto de tal
alegación, al ser controvertida, como en este caso, no es otro que echar sobre
el demandado el peso de la prueba en cuanto a la extinción de la obligación.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—DESESTIMACIÓN—
APELACIÓN FRÍVOLA.—Fundada moción de desestimación en que no puede
señalarse motivo alguno de error contra la sentencia apelada, y apareciendo
de la moción de oposición que se trata de una apelación enteramente frívola
y con el fin de dilatar los procedimientos, procede desestimar el recurso.

MOCIÓN sobre desestimación de apelación presentada por la apelada.
*Con lugar.*

*José C. Rivera,* abogado de los apelantes; *González Fagundo & Gon-
zález, Jr.,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del
tribunal.

La apelada funda su moción solicitando la desestimación
del recurso en que ningún motivo de error puede señalarse
contra la sentencia de la corte inferior, sosteniendo que la
apelación resulta frívola.

La acción es en cobro de un pagaré por $1,200, con inte-
reses al 12 por ciento y costas, incluso $200 que se fijaron
para honorarios de abogado y, suscrito y entregado por los
demandados a la orden de la demandante. La obligación
se copia en la demanda, vencida en noviembre 24, 1924, ale-
gándose que no había sido satisfecha.

No contestaron primeramente los demandados por lo que
se dictó sentencia en rebeldía, pero luego a su moción la
sentencia se dejó sin efecto y se les permitió contestar, ne-
gando "generalmente todos y cada uno de los hechos esen-
ciales de la demanda, excepto el referente a que los deman-
dados suscribieron en la forma en que aparece copiado en
dicha demanda el pagaré que se relaciona en la misma.''

Durante el juicio los demandados no practicaron prueba alguna, y la corte inferior, haciendo constar en su sentencia que la evidencia producida por la demandante justifica en un todo los hechos alegados, declaró con lugar la demanda.

[1] Los demandados admitieron en su contestación la autenticidad del pagaré y esa admisión, envolviendo por sí sola la existencia de la obligación, establece un caso *prima facie* a favor de la demandante. La alegación de que el pagaré no había sido satisfecho, por su carácter negativo, no era cosa que pudiera incumbir a la demandante probar. El solo efecto de tal alegación, si es controvertida, es echar sobre los demandados el peso de la prueba en cuanto a la extinción de la obligación. Art. 108 de la Ley de Evidencia, aprobada en marzo 9, 1904. En este artículo aparece incorporado el 1182 del Código Civil Revisado el que a su vez, en condiciones análogas, se aplicó en el caso de *Cochón* v. *Correa,* 32 D.P.R. 734, y esta corte por voz del Juez Aldrey, dijo:

"Según el artículo 1182 del Código Civil incumbe la prueba de las obligaciones al que reclama su cumplimiento, y la de su extinción al que la opone. Por consiguiente habiendo probado el demandante la obligación cuyo cumplimiento reclama, constante en un documento suscrito por los demandados y cuya autenticidad y otorgamiento no han negado, la prueba de su extinción por el pago correspondía a los demandados que lo opusieron y por tanto el tribunal inferior cometió error al estimar que en vista de esa alegación de los demandados debía probar el demandante que el pago no había sido hecho."

[2] Se hace inútil además considerar la oposición del apelante en otros puntos, pues su argumentación indica que se trata de una apelación enteramente frívola y con el fin de dilatar los procedimientos.

*Por todo lo expuesto, la moción debe declararse con lugar y desestimarse el recurso.*