LARGÉ & ACEVEDO, demandantes y apelados, *v.* ANGELA M.
FERNÁNDEZ HOARD, demandada y apelante.

No. 4351.—*Visto:* Enero 25, 1928. *Resuelto:* Julio 10, 1928.

*M. Acosta Velarde,* abogado de la apelante; *Juan B. Soto,* abogado
de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

La firma de abogados Largé & Acevedo presentó tres
demandas en la Corte de Distrito de San Juan en cobro de
servicios profesionales contra distintas personas: una con-
tra Angela Margarita Fernández Hoard cobrándole $691.50:
otra contra la misma señora y su hermano Jorge Clemente
Fernández Hoard por $6,128.55: y la tercera contra Nicolás
Iturregui en reclamación de $932. Alguna prueba fué co-
mún para los tres casos pero en cada uno de ellos se pre-
sentó otra prueba independiente. La corte de distrito, sin
embargo, resolvió los tres pleitos en una sola opinión aun-
que dictó sentencia separada en cada uno de ellos. Las tres
sentencias han sido apeladas y fueron vistas en este tribunal
el mismo día.

La presente opinión se refiere al caso No. 4351 de este
tribunal en la demanda contra Angela Margarita Fernández
Hoard.

██ La demanda en este recurso fué establecida contra la apelante, siendo casada, por los servicios que la firma apelada le prestó en relación con bienes privativos de ella. La apelante formuló excepción previa contra la demanda y después la retiró y contestó haciendo ciertas admisiones y negaciones, concluyendo por decir que siempre ha estado dispuesta a pagar el valor razonable de los servicios por los cuales es demandada. El fundamento que alega para sostener su primer motivo es que siendo ella casada cuando los servicios fueron prestados ha debido ser demandada con el concurso de su esposo.

Según el artículo 161 del Código Civil el marido es el representante legal de la sociedad conyugal, y la mujer puede por sí contratar y comparecer en juicio para lo que se refiere a la defensa de sus derechos o bienes propios; disponiendo el artículo 54 del Código de Enjuiciamiento Civil que cuando una persona casada es parte en un litigio necesita del concurso de su marido, excepto, entre otros casos, cuando la acción ejercitada concierna a sus bienes propios en cuyo caso podrá demandar o ser demandada sola: y entre los bienes que el artículo 1314 del Código Civil declara propios de cada uno de los cónyuges se encuentran los que adquiera durante el matrimonio por título lucrativo, sea por donación, legado o herencia; por lo que en vista de esos preceptos y tratándose de servicios prestados a la demandada en cuanto a bienes propios suyos, no era necesario que fuese demandada conjuntamente con ella su marido, por lo que no existe el error alegado. El argumento que hace la apelante de que por ser gananciales los frutos o rentas de sus bienes propios, según el artículo 1316 del Código Civil, el marido debe ser demandado por tener la administración legal de esos frutos o rentas, no es de aplicación a este pleito en el que la demanda no se refiere a dichos frutos o rentas, ni tampoco tiene aplicación la cita del caso de *Capó* v. *Piñeiro,* 33 D.P.R. 876, porque en él la demanda se refería a un bien ganancial.

Una de las partidas de servicio reclamadas fué de $100 por arreglo de diferencia entre la apelante y un hermano suyo, cuyo pago aprobó la corte y forma parte de la cantidad total de la sentencia, y dice la apelante que la prueba no aclara ese hecho.

Demuestra la evidencia que con motivo de una cláusula del testamento del padre de la apelante sobre albaceas surgió una diferencia entre ella y su hermano, el otro heredero, sobre si el albacea debía ser el primeramente nombrado o conjuntamente con el otro, y también sobre el pago de las deudas de la herencia; diferencias en las que intervinieron los abogados apelados encontrando una solución para ella. Por consiguiente, no encontramos justificado el segundo motivo de error.

El último motivo del recurso es por la condena de costas y honorarios de abogado y se funda en que no ha habido temeridad por parte de la apelante como lo demuestra el hecho de que siendo la reclamación por $691.50 la condena es sólo por $286.50.

Se admitió en el juicio por la demandada que dos peritos del demandante declararían que los servicios prestados valen la cantidad especificada en la demanda; y de las siete partidas que integran la que estamos considerando sólo rebaja la corte $400 en una de ellas y $5 en otra. La apelante no hizo proposición alguna al contestar la demanda de pagar cantidad determinada a la apelada y hubo que celebrar juicio, por lo que no podemos declarar que el solo hecho de haber rebajado la corte en uso de su discreción algunas de las partidas que integran la reclamación, demuestre falta de temeridad en la demandada para la imposición de las costas.

La sentencia apelada debe ser *confirmada.*

El Juez Asociado Señor Texidor no intervino.