Otero & Núñez, demandante y apelada, *v.* Sucesores de Manuel Pérez, demandada y apelante.

No. 6063.—*Sometido:* Junio 14, 1933. *Resuelto:* Enero 12, 1934.

*J. H. Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la apelante; *C. Iriarte,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este pleito versa sobre daños y perjuicios. El 17 de abril de 1928 hubo un choque en la carretera insular No. 12, Km. 1, Hm. 3, entre un *truck* de la demandante que caminaba de San Juan a Bayamón y otro de la demandada que lo hacía en sentido contrario. Ambos sufrieron desperfectos, quedando el de la demandante en la càrretera sin poder caminar y continuando su marcha el de la demandada.

Alegando la demandante que el choque se debió a la negligencia del *chauffeur* de la demandada en el manejo de su carro y que los daños sufridos montaban a $1,025, pidió a la corte que dictara sentencia condenando a la demandada a pagarle la indicada suma y las costas del litigio. Contestó y contrademandó la demandada alegando que el choque no se debió a la negligencia de su *chauffeur* sino a la del *chauffeur* de la demandante y pidió a la corte que declarara la demanda sin lugar y condenara a la demandante a pagarle $91.50 por concepto de daños y perjuicios, más las costas del pleito.

Celebrado el juicio, la corte dictó sentencia declarando la demanda con lugar, pero fijando la indemnización a satisfacer por la demandada en $457, y desestimando la contrademanda, con imposición de las costas a la demandada.

No conforme ésta interpuso el presente recurso de apelación señalando en su alegato la comisión de cinco errores.

■ El primero y el último se formulan así:

"I. La Corte erró y actuó con pasión, prejuicio y parcialidad al apreciar la evidencia en este caso y al decidir que el accidente a que se refiere este caso se debió a negligencia alguna imputable a los demandados, y al no sostener que el accidente en cuestión se debió única y exclusivamente a negligencia imputable a la demandante.

"V. La Corte erró al declarar con lugar la demanda radicada y al declarar sin lugar la contrademanda."

Los errores se discuten extensa y hábilmente en el alegato, tan hábilmente que hemos llegado a veces a dudar de la justicia del fallo recurrido.

Sin embargo, cualesquiera que puedan ser las apreciaciones erróneas que contenga la opinión en que se funda la sentencia apelada, queda siempre el hecho fundamental de que el juez dió crédito a los testigos de la demandante y no creyó a los de la demandada con excepción de su perito cuyo testimonio siguió al fijar la cuantía de la indemnización. Y el juez que juzga originalmente el caso como tantas veces se ha dicho, está en mejores condiciones que el que interviene en apelación en el mismo para resolver sobre ese extremo.

Creída la prueba de la demandante, encontramos en ella elementos suficientes para sostener la sentencia recurrida.

Por ejemplo, el testigo Isaac Claudio que iba "dentro de la caja del *truck* (de la demandante) agarrado a la capota" dijo textualmente: "Nosotros íbamos de acá para allá y Lucas Desiderio iba sentado a mano izquierda y el Mack (el *truck* de la demandada) traía mucha velocidad y yo le dije a Lucas: 'Cuidado ahí, mira que viene ese Mack y si nos llega a dar . . .' Al venir como venía a gran velocidad, nos dió con la parte delantera." El *truck* de la demandante caminaba "por la derecha, pegado a la orilla." El *truck* de la demandada "le dió con la parte delantera y cuando guiñó *asina* le dió con la baranda y entonces nos chocó la capota de nosotros y caímos debajo de la capota nosotros."

Julián Pizarro, que trabajaba en el *truck* de la deman-dante, manifestó: ''El 17 de abril de 1928 de dos y media a tres de la tarde, yendo nosotros en dirección a Bayamón que venía el *truck* Mack de Manuel Pérez de Bayamón que venía a mayor velocidad y al el *chauffeur* de nosotros verlo venir a mayor velocidad, es una parte que apenas cabían dos *trucks,* dos carros a mayor velocidad y el *chauffeur* de nosotros casi paró en verlo venir a mayor velocidad y entonces con la rueda delantera le dió a la rueda delantera de la izquierda de nos-otros y desbarató toda la máquina.''

Lucas Desiderio que también trabajaba en el *truck* de la demandante arrastrando piedra expresó: ''Venía ese carro Mack y yo iba sentado a la izquierda del *truck* y le digo a Isaac Claudio, 'mira que viene ese *truck'*, y me quité. El Mack venía ''a una velocidad como de veinte millas . . . le dió con la rueda de alante al *truck* Seldem . . . Al dar ese choque, yo iba sujeto de la capota y me fuí con la capota y caí en la carretera . . . Le rompió el motor; se le dobló el eje y el *chassis* y unas cuantas piezas más.''

Félix Clemente encargado de los *trucks* de la demandante y que iba en el que ocurrió el accidente dijo que caminaban en dirección a Bayamón cuando vieron venir ''el *truck* Mack H-187 de Sucesores de Manuel Pérez de Bayamón con direc-ción a San Juan a mayor velocidad . . . El carro nuestro re-dujo la velocidad y el otro como venía a mayor velocidad quiso aguantar el carro pero no pudo y entonces se le tiró encima al de nosotros que quedó destruído allí.''

Con respecto a la condición del sitio en que ocurrió el ac-cidente declararon por la demandante Aureliano A. Martínez, policía insular, y Félix R. Zayas, capataz de la carretera, como sigue: el primero, que ese sitio es ''estrecho, hay que andar muy despacio;'' y el segundo manifestó que ''yo estaba pesando *trucks* ese día y sentí el revolú del choque y no pude ir de momento y cuando fuí había pasado como un cuarto de hora y encontré el *truck* H-187 que venía de allá . . . El Seldem estaba desbaratado en el lado derecho hacia Baya-

món.'' La carretera es ''recta . . . bastante estrecha . . . había que pasar no muy ligero'' y para cruzar ''reducir la velocidad.'' En las orillas de la carretera ''lo que había . . . era piedra en bloque, porque no habían arreglado esa parte.''

Al analizar la prueba pone gran énfasis la parte apelante en que la mayor parte de los testigos de la parte apelada eran sus empleados o los empleados de su abogado, dueño de la cantera de la cual se extraía la piedra que cargaba el *truck* de la demandante. Tal circunstancia no imposibilitaba a los empleados a declarar como testigos. De existir una imposibilidad absoluta la parte demandante se hubiera visto impedida de probar su caso cualquiera que hubiera sido la justicia del mismo.

No hay duda alguna que los testimonios de dichos empleados debieron examinarse con gran cautela. La parte contraria por medio de sus abogados tuvo contra ellos el arma poderosa de la repregunta, que en verdad esgrimió con fuerza y habilidad en este caso.

Podemos dudar y ya dijimos que hemos dudado con respecto a si la corte sentenciadora debió o no actuar en la forma en que lo hizo, pero esa duda no es suficiente para llegar a la conclusión de que dicho juez sentenciador procediera guiado por la pasión, el prejuicio o la parcialidad o que cometiera algún error tan flagrante que necesariamente debiera concluirse que su juicio estuvo manifiestamente equivocado.

Quizá debamos agregar que cuando pasamos al estudio de las declaraciones de los testigos de la demandada que también fueron repreguntados extensa y hábilmente, sentimos las mismas vacilaciones. El juicio de la corte de distrito debe subsistir. No se cometieron los errores que analizamos.

Por el segundo señalamiento se sostiene que ''la Corte erró al practicar una inspección ocular y al verificar un experimento en el acto de dicha inspección ocular con vehículos que no tomaron parte en el accidente ocurrido, y al fundar sus conclusiones de hecho en dicha inspección ocular y experimento.''

Dice el acta de inspección:

"A las 4:00 p. m. del día 30 de diciembre de 1929 se constituyó la Corte en el sitio denominado 'Terraplén,' en la Carretera que de Santurce conduce al pueblo de Bayamón, con el fin de practicar una inspección ocular solicitada por las partes.

"Llegado al sitio designado por el Hectómetro 3 del Kilómeto 1 de dicha carretera, la Corte pudo apreciar, con la conformidad de ambas partes, que comparecieron a la inspección, los siguientes extremos:

"El sitio designado en la demanda como aquél en que ocurrió el choque, es un sitio en el que la carretera forma una línea recta, y plana;

"Apreció asimismo la Corte que dicha carretera tiene en dicho sitio un rodaje de cinco (5) yardas más o menos. Aprovechando la circunstancia favorable de encontrarse en dicho sitio un *truck* Mack, de la misma clase y condición que el que se alega en la demanda causó el accidente, pudo apreciar la Corte la estructura de dicho carro, su tamaño, y el sitio que razonablemente puede ocupar en aquella carretera. De esta apreciación, la Corte puede determinar que cualquier carro que quede en situación diagonal a virtud de un choque, o por cualquier otro accidente, tiene necesariamente que interrumpir el tráfico en aquella carretera.

"La Corte hace constar que ambas partes convienen en que el sitio en donde estuvo constituída ha sido modificado posteriormente al accidente, habiéndose construído allí un malecón o camino, colocando mojones a ambos lados de la carretera, y haciendo desaparecer la pendiente o curva que existía en los dos lados de la misma.

"En este estado de la inspección, la parte demandada manifiesta su inconformidad con la misma por entender que habiendo variado la situación topográfica del sitio donde ocurrió el accidente, no podía la Corte darse precisa cuenta del sitio tal como existía a la fecha del accidente.

"La Corte entonces dió por terminada la inspección de la cual se levanta la presente acta, que ordena la Corte se una al récord como parte del mismo."

Y luego el juez sentenciador en su relación del caso y opinión expresa lo que sigue:

"La inspección ocular practicada reveló a la Corte que en el sitio en donde ocurrió el suceso, la carretera sigue línea recta y plana, y que aún cuando ha sido ensanchada posteriormente a la fecha del accidente, pudo el Juez hacer su composición de lugar, aprovechando la favorable circunstancia, primero de observar el *truck*

'Mack' que figuraba en este pleito, y en segundo lugar, de poder examinar de cerca otro *truck* de la misma marca, clase y condición de aquél.''

El artículo 1194 del Código Civil, ed. 1930, igual al 1208 del Código de 1902, ed. 1911 y al 1240 del Código Civil Español, determina que ''la prueba de inspección personal del tribunal o juez sólo será eficaz en cuanto claramente permita al tribunal apreciar, por las exterioridades de la cosa inspeccionada, el hecho que trate de averiguar.''

El acta es clara y lo consignado por el juez sentenciador en su opinión también. La variante se hizo constar y aquello que se apreció, pudo apreciarse. Lo recto de la carretera y lo estrecho de la misma, subsistían. Además se comprobó por las declaraciones de los testigos incluso de las de los de la parte demandada. Lo ocurrido con el *truck* que casualmente pasaba, después de haber visto el juez el de la demandada, no monta a tanto como a un experimento bajo circunstancias distintas que pudiera conducir a conclusiones equivocadas. No hubo error, y si lo hubo no fué perjudicial.

■■ El tercer señalamiento se formula como sigue: ''La Corte erró al aceptar como evidencia fotografías tomadas días después de ocurrido el accidente, cuando la posición del *truck* había sido variada.''

Las fotografías, debidamente autenticadas, son admisibles como evidencia para ayudar a entender mejor la prueba, o para determinar el sitio, condición o lugar en que se encuentran ciertos objetos o cosas que son pertinentes y alusivos a la cuestión en controversia. Véase *Dragoni* v. *U. S. Fire Ins. Co.*, 36 D.P.R. 469, 473.

Aquí las fotografías—que dicho sea de paso no fueron remitidas con la transcripción a esta Corte Suprema—se identificaron como tomadas el día después del accidente. El carro de la demandante no se encontraba en el sitio exacto en que quedó, a virtud del choque, terciado en la carretera, pues a los efectos de restablecer el tránsito fué inmediatamente empujado por el propio *truck* de la·demandada hacia una orilla

de la misma, pero la fotografía ni se presentó ni fué tomada en consideración para ilustrar el modo como quedaron los autos después del choque, sino los desperfectos sufridos por el de la demandante.

La única vez que el juez de distrito se refiere en su opinión a la fotografía lo hace en los siguientes términos: "Que el 'Seldem' fué chocado, lo revela no solamente la fotografía, sino·la declaración del testigo José Cuevas Padilla, a quien la Corte da entero crédito." El "Seldem" era el *truck* de la demandante y Cuevas Padilla declaró como perito de la demandada.

Bajo esas circunstancias, no hubo error en la admisión de la fotografía y si lo hubo no fué perjudicial.

Resta sólo considerar el cuarto error que se refiere a la condena de costas.

Sostiene la apelante que para que pueda condenarse en costas a una parte en un pleito es necesario que se demuestre su culpabilidad, su temeridad y su mala fe y cita los casos de *Soto Gras* v. *Domenech,* 42 D.P.R. 524, *Morales* v. *Peña,* 40 D.P.R. 186 y *Finlay* v. *Fabián,* 24 D.P.R. 152.

No estamos conformes. Cualquiera de dichos elementos es bastante. No es necesaria la concurrencia de los tres. Lo que sucede es que el concepto de culpabilidad a que se refiere el artículo 327 del Código de Enjuiciamiento Civil es sinónimo al de temeridad o mala fe, a los efectos de la imposición de la costas. (*Vivas et al.* v. *Hernaiz,* 24 D.P.R. 836; *Martínez et al.* v. *Padilla,* 19 D.P.R. 582.) En el caso de Finlay, supra, lo que esta corte dijo citando el de *Martínez* v. *Padilla,* supra, fué: "En cuanto a las otras condenas por costas y desembolsos puede imponerlas el juez en cualquier caso discrecionalmente, si existe culpabilidad, temeridad o mala fe." Los otros dos casos citados no sostienen la contención de la apelante.

Alega también la apelante que habiéndose reducido por la corte la cuantía de la indemnización, no procedía la condena en costas.

Tampoco estamos conformes. Es una circunstancia que puede tomarse en consideración para el ejercicio de la discreción de la corte tanto para imponer las costas como para graduar la cuantía de las mismas, pero no podemos aceptar que por el solo hecho de que no se conceda toda la indemnización reclamada, tenga necesariamente que dejarse de condenar en costas.

Es verdad que una parte a quien se reclama una cantidad excesiva está justificada en defenderse, pero si ésa es su sola defensa debe limitarse a alegarla, aceptando la responsabilidad que le corresponda. Si así lo hiciere y la corte le diera la razón, claro está que no podría imponerle el pago de las costas.

*Por virtud de todo lo expuesto debe declararse sin lugar el recurso y confirmarse la sentencia recurrida.*

El Juez Asociado señor Aldrey está conforme con el resultado.