The Shell Company (P. R.) Ltd., demandante y apelada, *v.* Gregorio Cortés y Marcelino González, demandados, y apelante el último.

No. 6342.—*Sometido:* Mayo 9, 1934. *Resuelto:* Mayo 11, 1934.

*E. H. F. Dottin*, abogado del apelante; *Jaime Sifre, Jr.*, abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

The Shell Co. (P. R.) Ltd. demandó a Gregorio Cortés y Marcelino González en la Corte Municipal de San Juan, Sección 2ª., en cobro de $415, intereses y costas. Alegó, en resumen, que Cortés le compraba gasolina, teniendo con ella una cuenta corriente; que llegó a deberle $415, y que González fió a Cortés hasta $500, convirtiéndose de acuerdo con el contrato que se acompañó a la demanda en un verdadero deudor solidario.

Sólo compareció a defenderse González. Su contestación contiene entre otras las siguientes alegaciones:

"Alega además el demandado aquí compareciente, que entre el día 4 de septiembre de 1928, fecha en que se firmó el contrato de fianza hasta octubre 31 de 1928, fecha en que cesaron las negociaciones entre el fiado Cortés y la demandante, el dicho demandado Gregorio Cortés, compró a crédito 1000 galones de gasolina a 23 centavos arrojando un total de $230 y 750 galones a 22 centavos galón cuyo importe asciende a $165.00 arrojando estas dos cantidades el total de $395.00.

"Alega además el demandado, Marcelino González, que su fiado Gregorio Cortés hizo abonos a cuenta de la dicha deuda de $395.00 ascendentes a $347.25, y restada esta suma de $347.25 de la suma adeudada anteriormente de $395.00 queda debiendo el dicho demandado la suma de $47.75, suma que el demandado ha estado en todo tiempo dispuesto a pagar a la demandante quien a su vez se ha negado a recibir lo que justamente se le debe."

La súplica de la contestación es así:

"POR TANTO, el demandado a la Hon. Corte suplica que en su día y previos los trámites de ley se sirva declarar sin lugar la demanda en cuanto a la suma de $415.00 reclamada y dicte sentencia declarándola con lugar en cuanto a la suma de $47.75 sin especial condenación de costas."

Fallado el pleito en la Corte Municipal, fué apelado para ante la corte del distrito donde, celebrado el juicio de nuevo, se decidió por sentencia condenando al demandado González

a pagar a la demandante "$20 con intereses legales desde la interposición de la demanda, o sea el 4 de junio de 1929, y las costas de este procedimiento, incluyendo costas, gastos, y honorarios de abogado que se. obligó a pagar en el contrato de fianza."

No conforme González apeló para ante esta Corte Suprema "de la condena de costas y honorarios" que contiene la sentencia señalando en su alegato la comisión de dos errores. El primero se refiere a cierta enmienda a la contestación que le negó la corte de distrito y que a nuestro juicio carece de importancia. Es por el segundo que se plantea la verdadera cuestión envuelta en el litigio, a saber: si estuvo justificada la corte sentenciadora al imponer las costas y honorarios de abogado al demandado González.

Sabemos que la demandante reclamó $415. Conocemos la contestación del demandado. Aceptaba deber aun más de lo que la corte reconoció que debía a la demandante. La reclamación de la demandante no estaba bien fundada. La evidencia demostró que dejó de abonar a la cuenta corriente garantizada por el demandado González ciertas sumas que el demandado Cortés le entregara, abonándolas a una vieja deuda de Cortés para con ella. El conflicto de hecho y de derecho origen del litigio fué decidido claramente en pro del demandado González y en contra de la demandante. Y eso no obstante se impusieron las costas y honorarios al demandado González. ¿Por qué? Porque a ello se obligó según el contrato de fianza, dijo la corte sentenciadora en su opinión y repitió en su sentencia.

El contrato de fianza dice:

"8. El fiador solidario renuncia al derecho de que se le demande en las cortes de su domicilio y se somete a la jurisdicción de la corte insular competente en donde The Shell Company (Porto Rico) Ltd. establece su acción contra este fiador solidario, obligándose éste a sufragar las costas, gastos, desembolsos y honorarios de abogado que se originen a consecuencia de dicho pleito."

Creemos que la obligación contraída lo fué para pleitos

que tuvieran justificación, no para acciones ejercitadas sin razón alguna. De ahí que consideremos que la corte pudo prescindir de ella, quedando en libertad de ejercitar su discreción como en cualquier otro caso.

■ Para sostener que no hubo error por parte de la corte sentenciadora la demandante y apelada invoca los artículos 328 y 336 del Código de Enjuiciamiento Civil.

El artículo 328 no rige. Fué derogado por ley de marzo 12, 1908. Véase la edición de 1933 del Código de Enjuiciamiento Civil, p. 154.

El 336, dice:

"Cuando en un pleito para obtener únicamente el cobro de dinero, el demandado alegare en su contestación que antes de entablarse la demanda ofreció al demandante la suma total a que tenga derecho, e inmediatamente depositare en la corte, para aquél, la cantidad que ofreció, y resultare que dicha alegación es cierta, el demandante no sólo no podrá cobrar costas sino que tendrá que pagarlas al demandado."

No es aplicable al caso presente. Si el demandado hubiera actuado en la forma en él prescrita, entonces, como cuestión de derecho, no sólo no hubiera podido la demandante recobrar costas si que hubiera tenido que pagar las del demandado.

El caso debe, pues, juzgarse de acuerdo con las prescripciones generales que contiene el artículo 327 del Código de Enjuiciamiento Civil tal como rige desde 1917. Código de Enjuiciamiento Civil, Edición de 1933, p. 154.

■ Recientemente, en el caso de *Otero & Núñez* v. *Sucrs. de M. Pérez,* 46 D.P.R. 4, 11, dijimos:

"Alega también la apelante que habiéndose reducido por la corte la cuantía de la indemnización, no procedía la condena en costas.

"Tampoco estamos conformes. Es una circunstancia que puede tomarse en consideración para el ejercicio de la discreción de la corte tanto para imponer las costas como para graduar la cuantía de las mismas, pero no podemos aceptar que por el solo hecho de que no se conceda toda la indemnización reclamada, tenga necesariamente que dejarse de condenar en costas.

"Es verdad que una parte a quien se reclama una cantidad ex-

cesiva está justificada en defenderse, pero si ésa es su sola defensa debe limitarse a alegarla, aceptando la responsabilidad que le corresponda. Si así lo hiciere y la corte le diera la razón, claro está que no podría imponerle el pago de las costas.''

Resuelve el punto en cuestión. Una persona que se defiende en la forma en que lo hizo el demandado fiador en este caso y que obtiene el pleno reconocimiento de que le asistía la razón dentro del mismo litigio como lo obtuvo aquí el fiador demandado, no debe en manera alguna estar obligada a satisfacer las costas del litigio especialmente cuando dichas costas comprenden honorarios de abogado.

*Debe declararse con lugar el recurso y revocarse la sentencia apelada en la parte en que lo fué, esto es, en cuanto a su pronunciamiento sobre costas y honorarios, quedando así el pleito decidido sin especial condenación de costas tal como lo solicitó en su contestación el demandado González.*