IGLESIA CATÓLICA, APOSTÓLICA Y ROMANA DE PUERTO RICO, DIÓCESIS DE SAN JUAN, demandante y apelada, *v.* JOSÉ PUIG MORALES y AUGUSTO VEVE, MÁRSHAL DE LA CORTE DE DISTRITO DE HUMACAO, demandados y apelantes.

Núm. 7526.—*Sometido:* Mayo 25, 1938.—*Resuelto:* Marzo 10, 1939.

*González Fagundo & González Jr.*, abogados del apelante Sr. Puig Morales; *Arturo Aponte,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Éste es un pleito sobre *injunction* fallado en contra del demandado. En diciembre 21, 1932, la Iglesia Católica, Apostólica y Romana de Puerto Rico, Diócesis de San Juan, radicó en la Corte de Distrito de Humacao una demanda sobre *injunction* contra José Puig Morales y Augusto Veve, Márshal de dicha Corte.

En ella en resumen alegó:

1, que la demandante es una institución de carácter universal, reconocida por las leyes de Puerto Rico, con facultad para demandar y ser demandada;

2, que desde febrero 12, 1930, se encuentra en posesión y es dueña del usufructo perpetuo de una faja de terreno que describe debidamente;

3, que en febrero de 1930 el demandado Puig inició un pleito de *injunction* para recobrar la posesión de una faja de terreno cuya posesión alegaba que tenía don Antonio Lorden, describiéndola en la forma que copia, radicándose el pleito bajo el número 14880;

4, que en dicho pleito Puig alegaba que sobre la faja descrita existía un piso de concreto y una servidumbre de paso de agua hacia la calle procedente del techo de una casa suya y puertas y ventanas;

5, que la faja de terreno cuyo usufructo perpetuo la demandante alega que le pertenece está incluída en la descrita y reclamada por Puig en el pleito número 14880;

6, que en el referido pleito la corte dictó sentencia, que es firme, contra Lorden, y Puig solicitó y obtuvo una orden de restitución de posesión, y el otro demandado el Márshal Veve estaba por medio de trabajadores socavando tierras, tumbando muros, destruyendo verjas y ejecutando otros actos en la faja de la demandante, y

7, que los dichos actos perjudican de modo irreparable a la demandante que carece de un recurso rápido, adecuado y eficaz en el curso ordinario de la ley.

Suplicó que, previa la prestación de la fianza que la corte fijara, se expidiera el auto de *injunction* correspondiente, prohibiendo a los demandados continuar en la realización de los indicados actos.

En abril 7, 1933, la demandante radicó una demanda enmendada. Sus hechos primero, segundo y cuarto son similares a los primero, segundo y séptimo de la original. Se eliminan las alegaciones referentes al pleito 14880 y al márshal como demandado y se agrega a los actos de perturbación que se imputan directamente al demandado Puig el siguiente: "arrojando grandes cantidades de tierra y otros materiales extraídos de dicha faja de terreno, sobre el atrio de la iglesia católica que pertenece a la demandante en plena propiedad desde hace muchos años".

En mayo 18, 1933, la corte declaró sin lugar la oposición del demandado a la admisión de la demanda enmendada, concediéndole término para contestar.

Excepcionó el demandado la demanda por falta de hechos y ambigüedad. Sus excepciones no prosperaron y contestó reproduciendo las excepciones, negando los hechos segundo, tercero y cuarto de la demanda enmendada y alegando que estaba en posesión de la faja descrita en el hecho segundo desde mucho antes de febrero de 1930, posesión que sus causantes y él tuvieron por más de treinta años hasta que Antonio Lorden lo despojó de ella, iniciando entonces para recobrarla el pleito número 14880 que se falló a su favor por la corte de distrito en junio 10, 1930, y por la Suprema en

julio 22, 1932, en virtud de cuyas sentencias le fué restituída, disfrutando de ella en la actualidad.

Fué el pleito a juicio y la corte lo decidió en los siguientes términos:

"En el día de hoy y por los fundamentos que se expresan en la 'Relación del Caso y Opinión' que se une a los autos, se dicta sentencia ordenando que se expida un auto de *Injunction* dirigido al demandado, José Puig Morales, para que se abstenga de realizar acto alguno tendiente a echar en lo sucesivo tierra o material alguno sobre el atrio de la Iglesia Católica de Caguas, y a la par que proceda a extraer todo lo que ha echado sobre dicho atrio, procedente de la parcela de terreno colindante con el mencionado atrio y cuya posesión le fuera concedida por sentencia de esta Corte de Distrito; ordenándose además, que en el caso de que se negare a extraer todo ese material dentro del quinto día de ser firme esta sentencia, se procederá a su extracción por su cuenta, y se le condena además, al pago de las costas en este caso."

No conforme el demandado apeló para ante este tribunal señalando en su alegato cuatro errores cometidos a su juicio por la corte sentenciadora al admitir la demanda enmendada, al declarar sin lugar las excepciones previas, al dictar sentencia declarando la demanda con lugar por ser ello contrario a la ley y a la evidencia y al imponerle las costas.

█ Argumentando el primer señalamiento dice el apelante:

"Nuestra contención es que de acuerdo con el artículo 139 del Código de Enjuiciamiento Civil, vigente en Puerto Rico, no cabía enmendar la demanda porque en la original se trataba de un *injunction* clásico comprendido dentro de la Ley de 1906 y en la enmendada de un interdicto o *injunction* para recobrar la posesión, que son diametralmente opuestos, porque en uno se discute el derecho y en el otro el hecho de la posesión material."

En su opinión el juez sentenciador se expresó, en lo pertinente, así:

"Entendemos que en el presente caso se trata de un *injunction* de los comprendidos en la Ley aprobada en el año 1906.

"Sólo tenemos que resolver si el demandado José Puig Morales al llevar a cabo la ejecución de cierta sentencia que fué dictada por esta Corte de Distrito en otro pleito seguido por él contra Antonio Lorden podía llevar a cabo los actos que se refieren sola y exclusivamente de arrojar sobre el atrio de la Iglesia Católica de Caguas la tierra y escombros que sacaran de la faja de terreno o solar que le fué entregada en posesión por una sentencia de esta Corte de Distrito y confirmada por el Tribunal Supremo. 43 D.P.R. 874. Aquella sentencia ordenaba que el citado Antonio Lorden dejara en el libre goce de la posesión y disfrute de esa porción de terreno al ahora demandado.

   \*      \*      \*      \*      \*      \*      \*

"Ya antes hemos resuelto no considerar una de las modalidades de la demanda o sea aquélla que se refiere a la posesión de la parcela de terreno descrita en la demanda. Es un asunto que ha sido resuelto ya. Sólo nos limitamos en esta opinión a la obstrucción en la forma ya dicha."

El hecho predominante en ambas demandas es el de la perturbación y la acción ejercitada en las dos emana de la misma fuente, el artículo 277 del Código de Enjuiciamiento Civil, ed. 1933, que dispone:

"Artículo 277.—Todo lo que fuere perjudicial a la salud, indecente u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, constituye una perturbación que da lugar a una acción. Dicha acción podrá ser promovida por cualquiera persona cuyos bienes hubieren sido perjudicados o cuyo bienestar personal resulte menoscabado por dicha perturbación; y la sentencia podrá ordenar que cese aquélla así como decretar el resarcimiento de los perjuicios."

Se alegó en ambas demandas algo que no procedía porque había sido ya juzgado y ese algo considerado por la corte sentenciadora como una modalidad, fué por ella dejado a un lado e implícitamente desestimado. Se limitó a considerar las alegaciones y la evidencia pertinentes a la causa de acción que resultó finalmente a su juicio bien fundada.

No se varió el procedimiento. Ningún perjuicio sufrió el demandado. Tuvo oportunidad de defenderse en forma.

Los casos de *González Reyes* v. *González*, 43 D.P.R. 826, 829 y *Echevarría viuda de Subirá* v. *Saurí*, 38 D.P.R. 737 invocados por el apelante presentan situaciones distintas. No son aplicables.

A nuestro juicio no se cometió el primer error. Tampoco el segundo. Por él se sostiene que la corte erró al declarar sin lugar las excepciones previas y para discutirlo se insiste en la misma cuestión de *injunction* clásico y de *injunction* posesorio que se levantó en relación con el primer señalamiento.

■ Veamos el tercero. Se sostiene por él que la sentencia dictada es contraria a la ley y a la evidencia.

Expresando en qué consistió ésta dice el juez de distrito en su ya citada opinión:

"La prueba testifical de la demandante consistió en la declaración de varios testigos en el sentido de que conocían por su larga estadía en la ciudad de Caguas de lo que se conoce como el atrio de la Iglesia Católica y las condiciones en que el mismo se encontraba así como que la existencia de la tierra y escombros que han sido arrojados sobre el referido atrio desde la parcela de terreno que se describe en la demanda. También se declaró sobre la existencia en dicho atrio de grama o cierta clase de yerba de adorno y que la tierra que se encuentra sobre el atrio ha sido arrojada del callejón que es la faja de terreno que se describe en la demanda. Se presentaron varias fotografías que fueron admitidas con el fin de demostrar la forma en que se hallaba el atrio de la Iglesia antes de que el demandado procediera en la forma en que se alega en la demanda."

Se refiere luego a la inspección ocular por él practicada y a la sentencia que considera constitutiva de cosa juzgada con respecto a la posesión de la faja de terreno en la que el demandado verificó las excavaciones y de la cual el demandante alegó y tendió a probar que le correspondía el usufructo perpetuo, y pesando entonces la prueba, concluye:

". . . que de los términos de la sentencia de esta Corte de Distrito en el pleito a que ya nos hemos referido no autorizaron ni pueden entenderse que autorizan al referido José Puig Morales una

invasión en el terreno que ocupa el atrio de la Iglesia Católica de Caguas en la forma en que la ha llevado a cabo. Los actos de invasión llevados a cabo por el demandado impiden clara y terminantemente el libre uso y disfrute que tiene la demandante para sí, para sus feligreses, sus sacerdotes y para el público en general que con derecho a ello han de discurrir por el referido atrio de la Iglesia Católica de Caguas en la forma y manera libre como antes de estos actos lo llevaban a cabo. No hay duda alguna que legalmente y por derecho natural toda persona tiene el uso libre de su propiedad y todo entorpecimiento a ese derecho debe ser impedido por los tribunales.

    ❊      ❊      ❊      ❊      ❊      ❊      ❊

. . . El demandado ha tenido oportunidad de llevar a cabo las obras que deseaba ejecutar sin causar la intromisión que ha ejecutado porque de la sentencia dictada en el pleito resolviendo la posesión a su favor del solar descrito en la demanda no lo autoriza a realizar acto alguno que tienda a perturbar o menoscabar el libre uso y posesión por parte de la demandante del atrio de la Iglesia Católica en el sentido de haber arrojado innumerables escombros conteniendo tierra, ladrillos rotos y otras materias que han ocasionado daños a dicho atrio y lo que constituye una obstrucción del libre uso que tiene la demandante de su atrio.''

Hemos examinado la evidencia y sostiene las conclusiones que anteceden, estando el criterio del juez sobre los hechos ajustado a la ley y a la equidad.

En cuanto al último señalamiento de error o sea el que se refiere a las costas, bastará decir que la ley y las circunstancias concurrentes justifican la imposición. El que una parte de la demanda no prosperara no impide la condena. El error no existe.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús, no intervino.

EN MOCION DE RECONSIDERACION

Mayo 3, 1939

La parte demandada y apelante solicita la reconsideración de la sentencia de esta corte por virtud de la cual se confirmó la de la corte de distrito sólo en cuanto a su pronunciamiento de costas.

"El que una parte de la demanda no prosperara, no impide la condena" en costas, dijimos en nuestra opinión de marzo diez último. El apelante alega que el principio correcto es que "cuando una sentencia concede a un demandado, como en su caso, parte o partes de lo que se reclama en la demanda, no se le debe condenar en costas" y como fundamento de su alegación invoca la jurisprudencia de esta propia corte en los siguientes casos: *Largé & Acevedo* v. *Fernández,* 38 D'.P.R. 508; *Porto Rico Fertilizer Co.* v. *Roig,* 39 D.P.R. 260; *Morales* v. *Peña,* 40 D.P.R. 186; *García* v. *Ratera,* 40 D.P.R. 595; *Santos* v. *Fajardo Development Co.,* 44 D.P.R. 695; *Reguero* v. *Jiménez,* 44 D.P.R. 780; *Otero & Núñez* v. *Sucrs. de M. Pérez,* 46 D.P.R. 4; *Cruz* v. *White Star Bus Line, Inc.,* 46 D.P.R. 435, y *The Shell Co.* (*P.R.*) *Ltd.* v. *González,* 46 D.P.R. 683.

Los casos invocados no sostienen la contención del apelante. En el primero de ellos o sea en el de *Largé & Acevedo* v. *Fernández,* supra, la demandante reclamó $691.50 y la corte le concedió $286.50, con las costas. La demandada apelante alegó que no había sido temeraria y esta corte al confirmar la condena en costas, por medio de su Juez Asociado Sr. Aldrey, se expresó así:

"La apelante no hizo proposición alguna al contestar la demanda de pagar cantidad determinada a la apelada y hubo que celebrar juicio, por lo que no podemos declarar que el solo hecho de haber rebajado la corte en uso de su discreción algunas de las partidas que integran la reclamación, demuestre falta de temeridad en la demandada para la imposición de las costas." 38 D.P.R. 510.

Como puede verse, el caso en vez de favorecer es contrario al apelante. En el segundo caso invocado, o sea en el de *P. R. Fertilizer Co.* v. *Roig,* supra, la corte sentenciadora ejercitó su discreción en el sentido de la no imposición de las costas al demandado y al confirmar su actuación esta corte, por medio de su Juez Asociado Sr. Hutchison, dijo:

"En el presente caso el demandado logró reducir el importe de la reclamación de la demandante aproximadamente a la mitad, y fué sin duda en reconocimiento de este hecho que la sentencia dictada a favor de la demandante no contenía pronunciamiento alguno relativo a costas. De todos modos, no hubo abuso de discreción y no estamos dispuestos a alterar el resultado." 39 D.P.R. 269.

Si la corte de distrito hubiera actuado aquí de igual modo, seguramente no hubiéramos alterado su actuación. El caso invocado no se encuentra, pues, en las mismas condiciones que éste.

En el tercer caso o sea el de *Morales* v. *Peña,* supra, lo que movió a esta corte a la conclusión de que no hubo temeridad, revocando en su consecuencia la condena en costas, fué el mantenimiento de teorías opuestas discutibles, circunstancia que aquí no existe. La corte, por medio de su Juez Asociado Sr. Texidor, se expresó así:

"En lo que toca a la imposición de costas, el juez inferior estimó, sin duda, que el demandante había actuado con temeridad al interponer su demanda. Nos decidimos por la creencia de que la sentencia es errónea en este punto. Las teorías de la retención del pago del precio, y la de absoluta exigibilidad de tal pago, contrarias y opuestas, eran discutibles, sin que el sostenerse una u otra pueda tenerse por acto de temeridad." 40 D.P.R. 191.

Tampoco favorece el cuarto caso—*García* v. *Ratera,* supra —al apelante. En él se confirmó la condena en costas. En la opinión de la corte, emitida por el Juez Asociado Sr. Hutchison, se dice:

"Si la demandada hubiese notificado oportunamente al demandante su conformidad en aceptar una sentencia por la cantidad re-

clamada en la primera causa de acción que ya se había llegado a la conclusión de que el demandante había devengado, no hubiera habido necesidad de celebrar un juicio y no hubiese surgido ninguna cuestión de costas a menos que se le impusieran al demandante en caso de que éste hiciera una tentativa infructuosa de recobrar por concepto de dos o más de las tres causas de acción. La demandada no creyó conveniente aprovecharse de esa oportunidad.'' 40 D.P.R. 602.

El quinto caso—*Santos* v. *Fajardo*, supra—es igual al segundo—*Porto Rico Fertilizer* v. *Roig*, supra. En el sexto —*Reguero* v. *Jiménez*, supra—esta corte resolvió que ''Reclamada por servicios médicos prestados una suma a todas luces exagerada, la negativa del demandado a satisfacerla no puede constituir temeridad a los efectos de la imposición de costas.'' 44 D.P.R. 780.

En la opinión, emitida por el Juez Asociado Sr. Córdova Dávila para basar una sentencia por la suma de cuatrocientos dólares, se dijo:

''En cuanto al pronunciamiento sobre costas, el demandante declara que pasó una cuenta al demandado fijando la cuantía de sus honorarios en $5,000. El demandado en la contestación alega que los servicios no valen más de $150 y que además entregó al demandante bienes que tienen un valor superior a $500. La suma reclamada por el Dr. Reguero es a todas luces exagerada. Si el demandante hubiese exigido desde el primer momento el pago de una suma razonable, no tendría justificación ni excusa la negativa del demandado a satisfacer la cantidad reclamada. No puede decirse que el Sr. Jiménez incurriera en temeridad al negarse a satisfacer una suma que excede los límites de lo ordinario.'' 44 D.P.R. 786.

Las circunstancias concurrentes, son, pues, distintas.

Los últimos tres casos invocados siguen la línea de los anteriores. Bastará que nos refiramos al primero de ellos o sea al de *Otero & Núñez* v. *Sucrs. de M. Pérez*, supra. De la opinión de la corte transcribimos:

''Alega también la apelante que habiéndose reducido por la corte la cuantía de la indemnización, no procedía la condena en costas.

"Tampoco estamos conformes. Es una circunstancia que puede tomarse en consideración para el ejercicio de la discreción de la corte tanto para imponer las costas como para graduar la cuantía de las mismas, pero no podemos aceptar que por el solo hecho de que no se conceda toda la indemnización reclamada, tenga necesariamente que dejarse de condenar en costas.

"Es verdad que una parte a quien se reclama una cantidad excesiva está justificada en defenderse, pero si ésa es su sola defensa debe limitarse a alegarla, aceptando la responsabilidad que le corresponda. Si así lo hiciere y la corte le diera la razón, claro está que no podría imponerle el pago de las costas." 46 D.P.R. 11.

Se trata, pues, de una cuestión discrecional—a partir de la enmienda de la ley sólo en lo que se refiere a los honorarios de abogado. Leyes Núms. 69 de 1936 (Leyes de 1936 (1) pág. 353) y 94 de 1937 (Leyes de 1936–1937, pág. 239), por virtud de las cuales quedó enmendado el artículo 327 del Código de Enjuiciamiento Civil. *Hance* v. *R. Méndez y Hermano,* resuelto en abril 28, 1939.

La actitud de esta corte depende en mucho de la asumida por la corte sentenciadora y en este caso concreto no creímos al dictar nuestra sentencia ni creemos ahora que la corte de distrito abusara de su discreción al imponer las costas sin excluir los honorarios de abogado, lo que equivalía en aquel entonces a incluirlos, ya que el pleito fué fallado en junio 4, 1934, o sea antes de la enmienda de la ley. Al fijarlos en pesos y centavos puede aún tomar en consideración la corte sentenciadora la circunstancia alegada. Pero tal circunstancia no obliga una vez demostrada su existencia, como cuestión de derecho, a la no imposición, excepción hecha del caso del artículo 313 del Código de Enjuiciamiento Civil, ed. 1933.

*Debe declararse no haber lugar a la reconsideración solicitada.*